No. 37,155

ERNEST M. HAYES, *Petitioner,* v. ROBERT H. HUDSPETH, Warden of of the Kansas State Penitentiary, *Respondent.*

(198 P. 2d 175)

Opinion filed October 9, 1948.

*William C. Karnazes,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: Ernest M. Hayes was charged with first-degree robbery by information in the district court of Sedgwick county and on December 2, 1943, entered a plea of guilty to that crime. There-

after on such plea he was sentenced to the Kansas state penitentiary for a term of not less than ten years and not more than twenty-one years. On December 4, 1943, he was taken to the penitentiary and since that time has been confined there under authority of such judgment and sentence.

On or about December 16, 1947, petitioner's application for a writ of habeas corpus was ordered filed in this court without deposit for costs and thereafter, pursuant to his request that counsel be appointed to represent him, William C. Karnazes of Kansas City, Kan., a member of the bar of this state, was appointed to assist him in the preparation and trial of his action. Following Mr. Karnazes' appointment an amended petition was filed charging that petitioner was unlawfully restrained of his liberty on grounds presently to be mentioned. In due time respondent answered this pleading alleging that petitioner was held in custody under and by virtue of a valid judgment and sentence of the district court of Sedgwick county. With issues thus joined the case came on for trial in this court on July 6, 1948, where the cause was argued by counsel for the respective parties.

The grounds asserted by petitioner as requiring the granting of the writ and his release can be summarized thus: (1) He was prosecuted by information instead of indictment in violation of the rights guaranteed him by the fifth and fourteenth amendments to the constitution of the United States. (2) The commitment under which respondent keeps him in custody does not recite the section of the statute under which he was sentenced. (3) He was not properly represented by counsel. (4) He was coerced and tricked into entering a plea of guilty by the prosecuting officers of the county wherein the crime was committed. (5) The judgment and sentence under which he is held is illegal and void for the reason the journal entry of judgment fails to state under what section of the statute his sentence was imposed.

The claims made by petitioner will be disposed of in the order mentioned.

In *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894, this court held that prosecution by information instead of indictment, followed by conviction and sentence to the state penitentiary, in conformity with the code of criminal procedure of this state does not deprive one convicted of crime of rights guaranteed him by the fourteenth and fifth amendments to the constitution of the United States. It

follows the first claim is not good. The second must also be rejected. The simple answer to it is that there is nothing in the code of criminal procedure of this state which requires that a commitment specify the section of the statute under which a prisoner has been sentenced to confinement in a penal institution.

Grounds 3 and 4 of petitioner's application for a writ are uncorroborated and nothing is to be found in the record to support them. But that is not all. Respondent adduced evidence on both points. From that evidence we are not only convinced petitioner had adequate legal representation in the court below but compelled to believe his charges to the effect his plea of guilty was brought about by coercion, duress and trickery on the part of the prosecuting officers of Sedgwick county are false and therefore not entitled to credence.

There is some merit to petitioner's fifth and final complaint. G. S. 1947 Supp. 62-1516, provides in part as follows:

"When judgment is rendered, or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, which record among other things shall contain a statement of the offense charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute, and a statement that the defendant was duly represented by counsel, naming such counsel, or a statement that the defendant has stated in writing that he did not want counsel to represent him. . . .'"

Resort to the journal entry of judgment reveals that it complies with the requirements of the foregoing statute in all respects save one. It does fail to state the section of the statute (G. S. 1935, 21-530) under which petitioner's sentence was imposed. Such omission in the journal entry, however, does not make the judgment void, as petitioner contends, or even voidable. The journal entry is merely incomplete and it may be supplemented in a proper proceeding. Authority for this conclusion is to be found in *Wilson v. Hudspeth* (No. 37,356), 165 Kan. 666, 198 P. 2d 165 (this day decided). For the procedure to be followed in correcting a journal entry which is deficient in the particular heretofore mentioned, see the opinion of that decision.

Since petitioner has failed to establishd grounds for his release from the penal institution in which he is now confined, the writ is denied.