No. 37,356

Charles W. Wilson, *Petitioner*, v. Robert H. Hudspeth, Warden
of the Kansas State Penitentiary, *Respondent*.

(198 P. 2d 165)

Opinion filed October 9, 1948.

*John E. Buehler,* of Atchison, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

Cowan, J.: The petitioner was convicted of statutory rape, in the district court of Lyon county, Kansas, on March 14, 1946, after trial by jury. He was originally arrested for commission of a misdemeanor. He now claims that, while being held in the city jail on such charge, an unlawful search was made of his living quarters and evidence obtained which was used in his trial which resulted in his conviction on the charge of statutory rape. He contends that this violated his rights under the constitution of the state of Kansas and the constitution of the United States. It appears from the record that when the officers searched his living quarters they found a fifteen-year-old girl present who admitted to the officers she had been living with the accused without being married to him. A statement was obtained from her which formed the basis of the charge against the petitioner and her testimony was used to convict him of statutory rape. Needless to say, the claim of the petitioner of violation of his constitutional rights in this respect is without merit.

Another ground of the application is that the petitioner was proceeded against by information rather than by grand jury indict-

ment. This was ruled adversely to petitioner in *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.

The next charge is that the petitioner was denied the right of proper representation by counsel and of a fair and impartial trial by jury. There have been submitted to this court, in addition to the record and the verified application of the petitioner, the affidavits of the district judge who tried the case and of the attorney who represented the defendant. The testimony shows that the information was filed February 25, 1946, charging in count 1, statutory rape, and in count 2, forcible rape. Counsel was appointed by the court on April 26, 1946, and at the request of the petitioner, George Allred was named to represent him. George Allred had been consulting with the petitioner since shortly after February 25, 1946. On May 10, 1946, the second count of forcible rape was dismissed. On May 14 the case was tried by the jury, which, on the same date, returned a verdict of guilty on the only count. Notice of intention to file motion for new trial was given forthwith, the motion was filed, afterwards was argued, and overruled on May 18, 1946. It appears that every consideration was afforded the defendant in that trial. He demanded the right to make his own opening statement, to cross-examine the state's witnesses and to examine his own witnesses. He was afforded these privileges. He did not permit his counsel to try the case for him but, neverthless, his attorney helped him in every way possible. The defendant was permitted to make an argument to the jury. His attorney likewise made a short argument. We find nothing in the record and the evidence to warrant an inference that the petitioner was not afforded a fair and impartial trial by jury. His interests were safeguarded at every step. All witnesses whom he named were subpoeaned and appeared in court. He complains that the information did not set out the sections of the statute under which he was charged. There is no requirement that such be done.

Another ground of the petition is that there were never any commitment papers on file in the office of the clerk of the district court of Lyon county, Kansas. The records show that a commitment was issued by the clerk. The only instrument the sheriff needed to carry out the judgment and sentence of the court was a certified copy of the journal entry. (*McKie v. State,* 74 Kan. 21, 85 Pac. 827.)

The petitioner complains that he was rushed through the trial of the case and sentence passed upon him on the same day by the judge of the district court. There is no provision that the trial of a

case must be continued over more than one day. It was not prejudicial error for the court to sentence him on the same day the verdict was rendered. The petitioner's motion for new trial was heard and passed upon four days after sentence. Thus the prisoner and his attorney were afforded sufficient time to prepare for an exhaustive presentation to the court of the motion for new trial.

The petitioner urges that the court wrongfully instructed the jury. That is an error, if any, that can be raised only on direct appeal and not in an application for a writ of habeas corpus. This court finds that the petitioner was properly and adequately represented by counsel; that he was afforded a fair and impartial trial by jury; that his constitutional rights were not in anywise invaded. In this connection it has been held by this court that a petitioner convicted of crime, who seeks to attack the judgment under which he was sentenced, on the ground of violation of his constitutional rights, has the burden of proving, by a preponderance of the evidence, that such rights were violated. His unsupported and uncorroborated statements in a proceeding in habeas corpus do not sustain such burden of proof or warrant the granting of the writ. (*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169, and cases therein cited.)

There is a further complaint which merits additional consideration. The petitioner alleges that the journal entry of judgment does not make any reference to sections of the statute under which the verdict of the jury was renderd and under which he was sentenced. G. S. 1947 Supp., 62-1516, reads in part as follows:

"When judgment is rendered, or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, which record among other things shall contain a statement of the offense charged and *under what statute;* the plea or verdict and the judgment rendered or sentence imposed, and *under what statute,* and a statement that the defendant was duly represented by counsel, naming such counsel, or a statement that the defendant has stated in writing that he did not want counsel to represent him. . . ." (Emphasis supplied.)

This act was effective April 12, 1941. The journal entry of judgment in this case does not comply with the above provisions of the statute. Such journal entry, being merely incomplete, does not render the judgment either void or voidable. The description of the charge is definite, the verdict of the jury is clear, and the judgment and sentence leave no doubt as to punishment inflicted. The verdict is valid. If the sentence imposed had been void, the proper procedure would be to return the defendant to the district court of

Lyon county for resentence. (*Brandt v. Hudspeth,* 162 Kan. 601, 178 P. 2d 224.) We do not feel such a procedure is necessary here, as the sentence is not void, but the journal entry is merely incomplete. To the end that full information may be set forth in such journal entry, we direct the following procedure:

The attorney general is directed forthwith to prepare a new form of journal entry which, in addition to the matters contained in the former journal entry, shall specifically state under what section of the statute the defendant is charged, the statute under which the verdict was rendered or plea entered (if it be different from that under which the offense is charged) ; the statute under which the penalty is imposed and the judgment rendered, and, if the prisoner was sentenced under the indeterminate sentence act, an appropriate reference to that act. The attorney general shall serve a copy of such proposed form of journal entry on counsel appearing in this case for the petitioner and upon the petitioner in the state penitentiary, together with notice of the time of hearing in the district court of Lyon county of the proceedings for the completion of such journal entry. Such journal entry shall set forth that notice has been given to petitioner and his attorney of the time and place of hearing of the proceedings for the completion of the journal entry and that a copy of the form of the journal entry proposed has been served on the petitioner and his attorney. At the time stated in such notice, the attorney general shall submit such form of journal entry to the district judge, and a certified copy of the journal entry signed by the judge shall be forwarded by the clerk of the court immediately to the warden of the state penitentiary and another certified copy shall be forwarded to the clerk of this court and filed in this case. The prisoner need not be returned to Lyon county to attend the proceedings to complete the journal entry, as it is not customary for the prisoner to be present when a journal entry is signed by the judge. It is sufficient if prisoner's counsel approves the form executed by the court. When the journal entry has been completed in the manner herein set forth, the application for the writ will be denied. It is so ordered.