## No. 37,905

RALPH D. RUTLEDGE, *Petitioner*, v. ROBERT H. HUDSPETH, Warden, Kansas State Penitentiary, *Respondent*.

(218 P. 2d 241)

Opinion filed May 6, 1950.

No appearance made for the petitioner.

*Harold R. Fatzer,* attorney general, and *C. Harold Hughes,* assistant attorney general, were on the brief for the respondent.

The opinion of the court was delivered by

SMITH, J.: This is an original proceeding in habeas corpus. The petitioner is confined in the penitentiary at Lansing under a life sentence as a habitual criminal and seeks his release.

He pleaded guilty to burglary and grand larceny in violation of G. S. 1935, 21-520 and 21-533. Each of these sections provides a penalty of confinement at hard labor not to exceed five years. After the plea and before sentence, the state introduced authenticated felony convictions. Thereupon pursuant to G. S. 1947 Supp., 21-107a and G. S. 1935, 21-109, he was sentenced to be confined at hard labor for the rest of his natural lifetime.

Petitioner assigns several reasons why he should be granted his

freedom pursuant to a writ of habeas corpus. They will be considered *ad seriatum*.

First, he states he was denied due·process of law because he was denied counsel of his own choosing. The journal entry recites and in his statement he says that the trial court when petitioner was arraigned· inquired of him whether he had counsel and petitioner answered in the negative and that he had no means of employing counsel and that the trial court thereupon appointed counsel a member of the bar who was present who proceeded to represent him. We have nothing more than the bare statement of petitioner that he was denied counsel of his own choosing. There is no statement that he objected to being represented by counsel appointed. There is no statement that the appointed counsel did not serve in good faith. Unless there was such inability or neglect on the part of counsel in representing petitioner as to amount to no·representation we will not consider the fact alone that petitioner was represented by appointed counsel, as a violation of the fourteenth amendment, and, therefore, ground for a writ. (See *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.)

Petitioner next argues that he is entitled to a writ because he was held in jail from December 3, 1948, until December 8, 1948, before a warrant was read to him. A petition for a writ of habeas corpus by one being under a sentence after a plea of guilty is a collateral attack upon that judgment. In order for such an attack to be successful it must be made to appear that the judgment is void. Such a judgment carries with it a presumption of validity. (See *Miller v. Hudspeth,* supra.) We considered an argument analogous to this in *Wears v. Hudspeth,* 167 Kan. 191, 205 P. 2d 1118. There a petitioner, who was held as a parole violator, asked for a writ and argued amongst other things that he was entitled to a writ because he was held prior to his delivery to the authorities at the penitentiary at a jail other than the one designated by the trial court. We said:

"Obviously this claim is wholly devoid of merit. Its short and simple answer is that such incarceration, which we pause to note is denied by respondent and merely supported by petitioner's uncorroborated statement, has long since ended and its legality is not now subject to consideration in a habeas corpus proceeding."

What would have been our action if we had been asked for a writ while petitioner was being held without a warrant we need not say. Without conceding there was anything unlawful about the five days'

incarceration without a warrant it may safely be said that such illegality does not render void the subsequent judgment of the trial court.

Petitioner next argues that he is entitled to a writ because he was apprehended in Colorado by agents of the Kansas Bureau of Investigation and the sheriff of Greeley county, Kansas, without a warrant and taken to Kansas without extradition process. In his statement attached to the petition petitioner states that he signed a waiver of extradition proceedings. Under such circumstances he cannot be heard to complain that he was brought to the state without such process. (See *Brandt v. Hudspeth*, 162 Kan. 601, 178 P. 2d 224.) (See, also, *Tines v. Hudspeth*, 164 Kan. 471, 190 P. 2d 867.)

Petitioner next argues that he is entitled to a writ because he was sentenced pursuant to the habitual criminal act, although he was not charged under it, and did not plead guilty to a violation of it. This point is not good. (See *Hill v. Hudspeth*, 161 Kan. 376, 168 P. 2d 922.) There we said:

"Regardless of such fact, however, it may be noted that under the procedure in this state it is not necessary to set forth in the complaint, warrant or information that the accused is charged as a habitual criminal. This court has recognized that there is a conflict of authority upon the question in other jurisdictions but has adopted the rule that the prisoner's rights are better protected if evidence of prior convictions is not introduced in connection with the trial of the crime with which he is charged. Under our practice when he is charged and tried for a crime, his previous record may not be used to influence the jury to convict him of the charged crime. The rule may have some exceptions but we are not concerned with such exceptions in this case. It follows, under our procedure, that an accused is not entitled to a trial on the question of whether he has been convicted of other felonies on other occasions. The question whether a man is a habitual criminal involves only the severity of the penalty. If the penalty is too severe, the problem is one for the legislature."

The writ is denied.