No. 41,283

ARLEY C. BROWNING, *Petitioner*, v. TRACY A. HAND, Warden,
Kansas State Penitentiary, Lansing, Kansas, *Respondent*.

(336 P. 2d 409)

Opinion filed March 7, 1959.

*Arley C. Browning* was on the brief *pro se.*

*John A. Emerson,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the respondent.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in habeas corpus in which petitioner seeks his release from the state penitentiary.

Following petitioner's conviction in the district court of Sedgwick County he appealed to this court. We affirmed, and our decision is found in *State v. Browning*, 182 Kan. 244, 320 P. 2d 844. Petitioner then appealed to the Supreme Court of the United States, and that court, on May 19, 1958, *per curiam,* dismissed the appeal (356 U. S. 583, 2 L. ed. 2d 1063, 78 S. Ct. 1002).

The seven separate offenses of which petitioner was convicted, and for which he was sentenced, are set out in our former decision. Having twice previously been convicted of a felony, the trial court sentenced petitioner under the habitual criminal statute (G. S. 1949, 21-107a), which provides that if a person be convicted a third time of felony he shall be confined in the penitentiary for a period of not less than fifteen years, and under G. S. 1949, 21-109, which provides that whenever an offender is declared by law punishable by confinement and hard labor for a term not less than any specified number of years and no limit to the duration of such imprisonment or confinement is declared, he may be sentenced to imprisonment during his natural life.

On one count of first degree robbery petitioner was sentenced to life imprisonment. On each of three other counts of first degree robbery he was sentenced to confinement for fifteen years. On the count of attempted first degree robbery he was sentenced to

confinement for fifteen years. On each of two counts of violation of the firearms law he was sentenced to confinement for a period of not less than one nor more than five years. The sentences were ordered to run concurrently.

In the proceeding before us petitioner makes several contentions.

One is that the trial court erred in consolidating for trial the two informations filed against him. Assuming, solely for the sake of argument, the point may be raised in a habeas corpus proceeding, the question has been answered adversely to petitioner's contention by our former decision in his appeal. (See syl. 1 of that opinion.)

Next, it is contended that one of the informations was defective in that it was vague and indefinite. This clearly is without merit, and furthermore, the established rule is that the sufficiency of an information may not be raised or considered in a habeas corpus proceeding. (*Barrett v. Hand*, 181 Kan. 916, 918, 317 P. 2d 412; *Peay v. Hand*, 184 Kan. 182, 334 P. 2d 369.)

It next is contended that petitioner's constitutional rights were violated because he was proceeded against by information rather than by indictment by grand jury. There is no merit to this contention. (See *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894, and the numerous subsequent decisions adhering to the rule there announced.)

It is contended the habitual criminal act (G. S. 1949, 21-107a) is unconstitutional. This argument likewise is without merit for the act has been upheld in numerous decisions. (See *Scott v. Hudspeth*, 171 Kan. 320, 232 P. 2d 464, and *State v. Messmore*, 175 Kan. 354, 264 P. 2d 911.)

Finally, it is contended petitioner is entitled to his release because the journal entry record of his conviction was defective in that it failed to contain a recital of the details of his former convictions as provided by G. S. 1949, 62-1516. Concededly, the journal entry should have been more detailed and complete in this respect in order strictly to comply with the mentioned statute, but the defect, if any, furnishes no ground for petitioner's release. He has not served the sentence which was imposed and therefore is not entitled to his release. The sentence was not void—the journal entry was merely incomplete and subject to correction. (*Wilson v. Hudspeth*, 165 Kan. 666, 198 P. 2d 165, cert. den. 335 U. S. 909, 93 L. ed. 442, 69 S. Ct. 410, rehearing denied 336 U. S. 911, 93 L. ed. 1075, 69 S. Ct. 511; *Jamison v. Hudspeth*, 168 Kan. 565, 213 P. 2d

972; *Reffitt v. Edmondson,* 177 Kan. 83, 276 P. 2d 341.) The journal entry has been corrected, as evidenced by a certified copy of an order of the district court of Sedgwick County, dated January 16, 1959, filed with this court.

Petitioner has shown no ground for his release and his application for a writ of habeas corpus is denied.