No. 41,451

RONALD I. CONVERSE, *Appellant,* v. TRACY A. HAND, Warden, Kansas
State Penitentiary, *Appellee.*

(340 P. 2d 874)

Opinion
filed June 13, 1959.

Ronald I. Converse, *pro se.*

*Robert Hoffman,* Assistant Attorney General, of Topeka, argued the cause,
and *John Anderson, Jr.,* Attorney General, and *John A. Emerson,* Assistant
Attorney General, of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from the judgment of the district
court of Leavenworth county denying petitioner's application for a
writ of habeas corpus.

The facts may be stated briefly: In October, 1957, petitioner was
charged by information in the district court of Harvey county with
three counts of obtaining money by false pretenses. During the
course of the trial, counts two and three of the information were
dismissed on motion by the State. The jury found petitioner guilty
on count one. Pursuant to such conviction, he was sentenced under
the Habitual Criminal Act (G. S. 1949, 21-107a) to a term of ten
to thirty years in the Kansas State Penitentiary at Lansing, where
he is presently confined. Petitioner was represented by court ap-
pointed counsel throughout the proceedings in the district court.
Following his conviction, no appeal was taken from the judgment or
the sentence imposed.

In his petition for the writ, petitioner alleged that he was unlaw-
fully deprived of his liberty for the following reasons:

"All Case Records and Order of Committment and Judgement and Sentence
imposed are in violation of Due Process of Law and is an invasion upon the
rights of your Petitioner, and does violate the Fourteenth (14) Amendment
and Article Ten (10) of the Constitution of the State of Kansas, all of which
will be proven upon proper hearing."

The answer and return of the respondent, the warden of the Kansas State Penitentiary, denied all the allegations of the petition not thereafter admitted and alleged that petitioner was lawfully restrained of his liberty pursuant to his conviction in the district court of Harvey county, and that the sentence as adjudged by that court had not expired nor had it been commuted by the governor. Duly certified copies of the journal entry of judgment, information and commitment order were attached to the answer and made a part thereof.

On December 12, 1958, trial was had in the district court of Leavenworth county upon the issues joined. Petitioner was present in person. His petition was denied and he was remanded to the custody of the respondent, following which he duly perfected this appeal.

Petitioner appears to rely upon five grounds for his release from custody. We shall take them up in the order presented.

The first is that he was taken into custody in Fort Smith, Arkansas, on a warrant which charged him with the crime of forgery rather than the crime of obtaining property by false pretenses, the offense for which he was convicted after being returned to Kansas. The point is not well taken. The record shows that petitioner was in fact arrested in Arkansas and returned to Kansas to stand trial but it does not disclose any evidence to support the other allegations. For all that appears in the record, petitioner voluntarily returned to Kansas with the arresting officer. He cannot now be heard to complain that he was arrested in that state on a charge different from the one for which he was prosecuted in this state. It is the well established rule that the jurisdiction of a district court of this state to try a person on a charge of having committed a public offense does not depend upon how he came to be in the state (*Stebens v. Hand,* 182 Kan. 304, 306, 320 P. 2d 790; *Carrier v. Hand,* 183 Kan. 350, 351, 327 P. 2d 895). See, also, *Pettibone v. Nichols,* 203 U. S. 192, 51 L. Ed. 148, 27 S. Ct. 111 and *Lascelles v. Georgia,* 148 U. S. 537,.37 L. Ed. 549, 13 S. Ct. 687.

The next ground relied upon is that he was held in the Harvey county jail for five days before he was brought before a magistrate for arraignment. The trouble here is that the allegation is not supported or corroborated by any competent evidence and this court is committed to the rule that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not

sustain the burden of proof or justify the granting of a writ where, as here, the judgment rendered is regular on its face and entitled to a presumption of regularity and validity (*Cunningham v. Hoffman*, 179 Kan. 609, 611, 296 P. 2d 1081, and cases therein cited).

Assuming, *arguendo*, that the allegation is true, it still would not afford grounds for a writ of habeas corpus. An analogous situation was presented in *Rutledge v. Hudspeth*, 169 Kan. 243, 218 P. 2d 241, where the petitioner was held in jail for five days before a warrant was read to him. It was said:

". . . A petition for a writ of habeas corpus by one being under a sentence after a plea of guilty is a collateral attack upon that judgment. In order for such an attack to be successful it must be made to appear that the judgment is void. Such a judgment carries with it a presumption of validity. (See *Miller v. Hudspeth*, supra.) We considered an argument analogous to this in *Wears v. Hudspeth*, 167 Kan. 191, 205 P. 2d 1118. There a petitioner, who was held as a parole violator, asked for a writ and argued amongst other things that he was entitled to a writ because he was held prior to his delivery to the authorities at the penitentiary at a jail other than the one designated by the trial court. We said:

" 'Obviously this claim is wholly devoid of merit. Its short and simple answer is that *such incarceration*, which we pause to note is denied by respondent and merely supported by petitioner's uncorroborated statement, *has long since ended and its legality is not now subject to consideration in a habeas corpus proceeding.'*

"What would have been our action if we had been asked for a writ while petitioner was being held without a warrant we need not say. Without conceding there was anything unlawful about the five days' incarceration without a warrant it may safely be said that such illegality does not render void the subsequent judgment of the trial court." (l. c. 244, 245.) (Emphasis supplied.)

See, also; *Scott v. Hudspeth*, 171 Kan. 320, 232 P. 2d 464.

Petitioner also makes the unsupported contention that he was denied counsel during the alleged delay in arraignment. There is nothing in the law of this state guaranteeing counsel at that stage of the proceedings. Nor does such a situation constitute a violation of due process under the federal constitution (*Cicenia v. LaGay*, 357 U. S. 504, 2 L. Ed. 2d 1523, 78 S. Ct. 1297).

It should perhaps be noted in passing that *Mallory v. United States*, 354 U. S. 449, 1 L. Ed. 2d 1479, 77 S. Ct. 1356, cited and relied upon by petitioner, dealt with the interpretation of the federal rules of criminal procedure and held that a confession extracted during an unnecessary delay in arraignment was not properly admitted into evidence at the trial of a 19-year-old boy of limited in-

telligence. We do not question the soundness of that decision, but federal rules of criminal procedure are not applicable to state criminal proceedings. Furthermore, there is no confession involved in the instant case.

Petitioner's third ground is that he was prejudiced and deprived of a fair trial because his court appointed attorney was inexperienced. At the outset, it may be noted that such a complaint is not uncommon among persons who have been convicted of crime, for as was said by this court, "No thief e'er felt the halter draw, with good opinion of the law." (*Trugillo v. Edmondson,* 176 Kan. 195, 203, 270 P. 2d 219.) There is no constitutional nor statutory guaranty for the assistance of the most brilliant counsel (*United States v. Thompson,* 56 F. Supp. 683, 688; *Miller v. Hudspeth,* 164 Kan. 688, 707, 192 P. 2d 147).

In the event that counsel is so incompetent or dishonest or so improperly conducted defendant's case as to amount to practically no representation, then a court should grant relief by use of a writ of habeas corpus (*Thompsett v. State of Ohio,* 146 F. 2d 95, 98; *Miller v. Hudspeth,* supra, p. 708), but that is not the situation here. It appears that the court appointed counsel was experienced and had practiced law for a period of approximately two and one-half years, including military duty. This practice included defending persons accused of crime. Under such circumstances, it cannot be said that petitioner's representation was so deficient or unfair as to justify his release by writ of habeas corpus.

Petitioner's fourth ground is that the evidence was insufficient to convict him of the crime with which he was charged. Even if such were the case, it may not be raised or questioned by habeas corpus proceedings. Such proceedings are not a substitute for a review of trial errors by appeal and do not serve the function of a motion for a new trial. The remedy for correction of trial errors committed in the course of a prosecution for crime is not by habeas corpus, but, rather, by a motion for a new trial, and if denied, by appeal to the supreme court (*Lee v. Prather,* 146 Kan. 513, 71 P. 2d 868; *Strong v. Edmondson,* 177 Kan. 247, 248, 277 P. 2d 585; *Cunningham v. Hoffman,* supra, p. 611).

The last ground relied upon by the petitioner is that the journal entry of judgment in his conviction proceedings was defective in that it did not set out the statutory citation of the offense of which he was convicted and sentenced as required by G. S. 1949, 62-1516.

Respondent admits the alleged defect in the journal entry but denies that it is a ground for release by writ of habeas corpus. We agree with the respondent. Petitioner has not served his sentence and therefore is not entitled to his release. The sentence was not void—the journal entry was merely incomplete and subject to correction (*Browning v. Hand*, 184 Kan. 365, 366, 336 P. 2d 409, and cases therein cited). Furthermore, the journal entry has been corrected, as evidenced by a certified copy of an order of the district court of Harvey county dated April 23, 1959, and filed with this court.

Petitioner has shown no ground for his release and the judgment of the district court is affirmed.