No. 42,699

STATE OF KANSAS, *Appellee*, v. CARL ALLEN COLE, *Appellant*.

(370 P. 2d 115)

Opinion filed April 7, 1962.

Carl Allen Cole, *pro se.*

*William M. Ferguson,* Attorney General, and *Park McGee,* Assistant Attorney General, were on the motion to affirm.

*Per Curiam:* This appeal from an order correcting a journal enry in a criminal proceeding raises two questions.

First, was the original and concededly incomplete journal entry susceptible of correction? Second, are the corrections made by the court below in accordance with the events which took place in the original proceeding?

The power of a court to correct its records by supplying missing details to the facts therein recited was firmly established in *Wilson v. Hudspeth,* 165 Kan. 666, 198 P. 2d 165, certiorari denied, 335 U. S. 909, 93 L. ed. 442, 69 S. Ct. 410, rehearing denied, 336 U. S. 911, 93 L. ed. 1075, 69 S. Ct. 511; *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, certiorari denied, 362 U. S. 970, 4 L. ed. 2d 901, 80 S. Ct. 956; *Tafarella v. Hand,* 185 Kan. 613, 616, 617, 618, 347 P. 2d 356, certiorari denied, 363 U. S. 807, 4 L. ed. 2d 1150, 80 S. Ct. 1243; *Moses v. Hand,* 188 Kan. 317, 362 P. 2d 80. The court below has fulfilled the standards for correction set forth in the foregoing cases.

As to the second question, there is nothing before this court which would indicate that the district court made its order of correction other than in accordance with its records of the original proceeding.

It follows the decision of the district court must be affirmed and it is so ordered.