No. 42,501

State of Kansas, *Appellee*, v. Beverly K. Moses, *Appellant*.

(376 P. 2d 804)

Opinion filed December 8, 1962.

*Beverly K. Moses, pro se.*

*Harold A. Pfalzgraf*, Assistant Attorney General, argued the cause, and *William M. Ferguson*, Attorney General, *John J. Stang*, County Attorney, and *Park McGee*, Assistant Attorney General, were on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order of the district court of Rush County correcting an incomplete journal entry in a criminal action. There can be no dispute regarding the controlling facts which may be briefly stated.

Defendant, Beverly K. Moses, who was represented by competent counsel, appeared before the district court of Rush County on January 13, 1958, accompanied by his attorney, and entered a plea of guilty to an information charging him with the crime of burglary in the second degree, in violation of G. S. 1955 Supp., 21-520, now G. S. 1961 Supp., 21-520. Subsequently a journal entry of judgment and sentence, approved by counsel for the defendant and the state, was prepared and filed in the office of the clerk of the district court. This journal entry contained a reference to the statute violated, but failed to specifically include the burglary sentencing statute (G. S. 1949, 21-523) as required by G. S. 1949, 62-1516. However, such journal entry did contain other recitals to the effect defendant was sentenced to the State Penitentiary, for commission of the offense to which he had entered a plea of guilty as charged in the information, for the period of time prescribed by law for the commission of such offense. Defendant did not appeal from the judgment and sentence imposed against him.

The fact the journal entry failed to make specific reference to G. S. 1949, 21-523, came to the attention of the County Attorney of

Rush County two years after it had been filed of record. Thereupon that official filed a motion for a *nunc pro tunc* order correcting such instrument by supplying the missing statutory reference and gave notice to the parties, including defendant and his attorney, that such motion would be presented to, and heard by, the district court on January 9, 1961. On the date indicated, the state appearing by the County Attorney and the defendant appearing by his attorney of record, the motion was presented to the district court which, after a full and complete hearing, found that through inadvertence in the preparation of the journal entry reference to the sentencing statute was omitted and that although such journal entry was deficient in that respect it was susceptible to correction through an order *nunc pro tunc*. Whereupon, after making such findings, and others supporting them, the court by written order, dated January 9, 1961, sustained the state's motion and directed that the journal entry of January 13, 1958, be amended by adding the phrase: "Sentence herein imposed under the provisions of G. S. 1949, 21-523."

Subsequently defendant perfected the instant appeal wherein, as we view the record presented, the only question properly before us for appellate review is that the district court had no power or authority to correct the journal entry in manner and form as heretofore indicated.

This, we may add, is due in part to one of our recent decisions in a case where this appellant unsuccessfully contended that the judgment and sentence here involved was void because of the same journal entry defect he now claims was erroneously corrected by the sentencing court in the case at bar. See *Moses v. Hand,* 188 Kan. 317, 362 P. 2d 80, certiorari denied, 368 U. S. 863, 7 L. Ed. 2d 61, 82 S. Ct. 110, where we said and held:

"This appeal in a habeas corpus proceeding raises only one question as to a minor fault in the journal entry of the judgment in which the appellant was convicted after a plea of guilty to a charge of second degree burglary. The journal entry has long ago been corrected by an order *nunc pro tunc.* The order deny the application for a writ of habeas corpus is affirmed upon the authority of *Wilson v. Hudspeth,* 165 Kan. 666, 198 P. 2d 165, [certiorari denied, 335 U. S. 909, 93 L. Ed. 442, 69 S. Ct. 419, rehearing denied 336 U. S. 911, 93 L. Ed. 1075, 69 S. Ct. 511]; *Browning v. Hand,* 184 Kan. 365, 366, 336 P. 2d 409, [certiorari denied, 361 U. S. 926, 4 L. Ed. 2d 240, 80 S. Ct. 295]; *Converse v. Hand,* 185 Kan. 112, p. 115-116, 340 P. 2d 874, and authorities cited. It is hereby so ordered."

In the case from which we have just quoted we had before us, prior to the rendition of our decision, the very same order of which the appellant now complains and, in disposing of the merits of the appeal, recognized at least by inference, if not specifically, that the trial court had power and authority to correct the portion of the journal entry here in question. Under such circumstances we might be warranted in affirming the instant appeal on the authority of *Moses v. Hand,* supra. Even so it is neither necessary nor required that we do so.

In *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874, under facts and circumstances so similar they cannot be distinguished for purposes of appellate review, we disposed of the all-decisive question involved in the case at bar when we said and held:

The last ground relied upon by the petitioner is that the journal entry of judgment in his conviction proceedings was defective in that it did not set out the statutory citation of the offense of which he was convicted and sentenced as required by G. S. 1949, 62-1516. Respondent admits the alleged defect in the journal entry but denies that it is a ground for release by writ of habeas corpus. We agree with the respondent. Petitioner has not served his sentence and therefore is not entitled to his release. The sentence was not void—the journal entry was merely incomplete and subject to correction *(Browning v. Hand,* 184 Kan. 365, 366, 336 P. 2d 409, and cases therein cited [certiorari denied, 361 U. S. 926, 4 L. Ed. 2d 240, 80 S. Ct. 295]). Furthermore, the journal entry had been corrected, . . ." (pp. 115, 116.)

See, also, *Wilson v. Hudspeth,* 165 Kan. 666, 668, 669, 198 P. 2d 165, certiorari denied, 335 U. S. 909, 93 L. Ed. 442, 69 S. Ct. 410, rehearing denied, 336 U. S. 911, 93 L. Ed. 1075, 69 S. Ct. 511, where, with respect to omissions in a journal of the same statutory reference here involved, we said:

". . . The journal entry of judgment in this case does not comply with the above provisions of the statute [G. S. 1961 Supp., 62-1516]. Such journal entry, being merely incomplete, does not render the judgment either void or voidable. The description of the charge is definite, the verdict of the jury is clear, and the judgment and sentence leave no doubt as to punishment inflicted. The verdict is valid. If the sentence imposed had been void, the proper procedure would be to return the defendant to the district court of Lyon county for resentence. *(Brandt v. Hudspeth,* 162 Kan. 601, 178 P. 2d 224.) We do not feel such a procedure is necessary here, as the sentence is not void, but the journal entry is merely incomplete . . ." (pp. 668, 669.)

and then went on to spell out the procedure to be followed in supplying the journal entry with the missing statutory defect. That procedure, it may be stated, is for all practical purposes the same

procedure followed by the state in obtaining the order of the district court correcting the incomplete journal entry in the case at bar.

For other well-recognized decisions, dealing with the power of a court to correct its record by supplying missing details to the facts therein recited where—as here—an incomplete journal entry is susceptible of correction and the correction made by the court below is in accord with the events which took place in the original proceeding, see *State v. Cole,* 189 Kan. 561, 370 P. 2d 115, and the decisions there cited.

We find nothing in the record presented or in the contentions advanced by appellant which warrants or permits a conclusion the district court erred in correcting its original and incomplete journal entry of judgment.

The judgment is affirmed.