No. 44,520

Duane Ferrell Kiser, *Appellant*, v. State of Kansas, *Appellee.*

(413 P. 2d 1002)

Opinion filed May 7, 1966.

*Ted M. Templar,* of Arkansas City, argued the cause, and was on the brief for the appellant.

*J. Michael Smith,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Tom Pringle,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal from an order of the district court of Cowley county denying appellant's motion, filed pursuant to K. S. A. 60-1507, to vacate and set aside a judgment and sentence. Hereinafter appellant will be referred to as petitioner or Kiser.

The events giving rise to this appeal began on October 20, 1961, when a complaint was filed against Kiser charging him with burglary in the second degree (G. S. 1959 Supp., 21-520). On the same date Kiser waived preliminary hearing and was bound over to the district court for trial. An information was subsequently filed, and the district court appointed Mr. Lyle W. Loomis as

counsel for Kiser. Mr. Loomis filed an application for the appointment of a commission to determine the petitioner's ability "to comprehend his position and make his defense" to the charge set forth in the information. A commission, consisting of three duly licensed physicians, was appointed by the court. The commission held a hearing on December 13, 1961, at which the county attorney, Kiser and his court-appointed counsel were present. The commission filed its report in which it found Kiser was able to comprehend his position and make his defense in the case; however, it recommended that Kiser receive psychiatric treatment for the reasons he had approximately fifty scars on his body from self-inflicted wounds, and his behavior for the last ten years had been very antisocial.

On December 19, 1961, Kiser appeared with his court-appointed counsel before the district court. The court noted the commission's findings and queried Kiser concerning whether he had discussed with his counsel his rights pertaining to his defense in the matter and whether he understood the nature of the offense with which he was charged. Kiser answered affirmatively and thereafter entered a plea of guilty to the charge of burglary in the second degree (G. S. 1959 Supp., 21-520). At that time the state gave notice that it intended to present evidence upon which sentence pursuant to the habitual criminal act (G. S. 1949, 21-107a) could be imposed against Kiser. The court continued the hearing to December 26 for the purpose of sentencing. On the latter date evidence was introduced showing that Kiser had been convicted of two prior felonies, and he was sentenced to not less than fifteen years in the Kansas State Penitentiary. No appeal was taken from these proceedings.

On August 4, 1965, the petitioner filed his motion, *pro se*, under K. S. A. 60-1507, setting forth, in rather ambiguous and inarticulate form, several grounds which we believe to be encompassed within the points raised on appeal. On September 15 the court considered Kiser's motion and, without holding a plenary hearing, made extensive findings of fact and concluded that the motion, files and records conclusively showed that he was not entitled to any relief, and overruled petitioner's motion. Appeal has been duly perfected from such order, and Kiser is now represented by Ted M. Templar, court-appointed counsel.

Petitioner first contends that the commission was not properly instructed concerning the issues involved nor the findings to be

made. His contention pertains to statements made by the county attorney during the commission hearing to the effect that it was the commission's duty to inquire into the mental condition of the petitioner for the sole purpose of determining whether or not he was able to comprehend his position and make his defense. Kiser also complains that not only did the commission fail to consider all of the issues but also failed to make proper findings at the conclusion of the hearing. The thrust of Kiser's argument centers on the fact that the report did not contain specific findings that he was sane, not an idiot nor an imbecile.

The pertinent portion of G. S. 1949, 62-1531 (now K. S. A. 62-1531) is as follows:

"Whenever any person under indictment or information, and before or during the trial thereon, and before verdict is rendered, shall be found by the court in which such indictment or information is filed, or by a commission or another jury empaneled for the purpose of trying such question, to be insane, an idiot or an imbecile and unable to comprehend his position, and to make his defense, the court shall forthwith commit him to the state hospital for the dangerous insane for safekeeping and treatment; . . ."

Petitioner's argument on his first point is without merit. The record reveals that a lengthy hearing was conducted by the commission at which the petitioner and his counsel were present and participated. Full inquiry was made by the commission members concerning the petitioner's mental competency and ability to stand trial. An examination of the hearing transcript discloses no evidence suggesting the petitioner was an idiot or an imbecile; on the other hand, there was ample evidence to sustain the commission's finding that he was able to comprehend his position and make his defense. In view of such finding, the petitioner was deemed sane for the purpose of being tried. (*State v. Severns,* 184 Kan. 213, 336 P. 2d 447; *State v. Kelly,* 192 Kan. 641, 391 P. 2d 123; *State v. Cox,* 193 Kan. 571, 396 P. 2d 326, cert. den. 380 U. S. 982, 14 L. Ed. 2d 276, 85 S. Ct. 1350.) The fact that a specific finding was not made that petitioner was sane is immaterial. Ordinarily an accused is presumed to be sane and responsible for his acts until the contrary is shown. (*State v. Penry,* 189 Kan. 243, 368 P. 2d 60.) By the same token, an accused is presumed sane for the purpose of standing trial in the absence of a finding to the contrary pursuant to G. S. 1949, 62-1531. The commission's finding sustains rather than weakens such presumption.

In *State v. Severns,* supra, the mental competency of an accused to stand trial was considered at length. There it was stated:

". . . the test of insanity of an accused precluding his being *put on trial* for a criminal offense is his capacity to comprehend his position, understand the nature and object of the proceedings against him and to conduct his defense in a rational manner. Stated in different fashion, if the accused is capable of understanding the nature and object of the proceedings going on against him; if he rightly comprehends his own condition with reference to such proceedings, and can conduct his defense in a rational manner, he is, for the purpose of being tried, to be deemed sane, although on some other subject his mind may be deranged or unsound." (p. 219.)

Kiser also contends that the district court, had it examined the transcript of the commission hearing, was under a duty to have referred him to the state hospital for the dangerous insane, pursuant to G. S. 1949, 62-1531, especially in view of the commission's recommendation that he be given psychiatric treatment. We do not agree. Petitioner's contention ignores the finding of the commission which, under the prior decisions of this court, rendered the petitioner mentally competent to stand trial. The fact that psychiatric treatment was recommended did not impeach the finding of the commission. (See *Devins v. Crouse,* 319 F. 2d 62 [10th Cir., 1963].) In the face of such finding, which was supported by the evidence, the district court had no basis upon which to refer Kiser to the state hospital for the dangerous insane prior to accepting his plea of guilty.

Petitioner states in his motion that "an insane person cannot be responsible for his deeds." If he is attempting to raise a question regarding his sanity at the time the crime to which he pleaded guilty was committed, he completely overlooks the fact that the test of competency to stand trial is entirely different from the test of responsibility for the commission of a crime. (*State v. Andrews,* 187 Kan. 458, 357 P. 2d 739, cert. den. 368 U. S. 868, 7 L. Ed. 2d 65, 82 S. Ct. 80.) The question of mental responsibility must be presented and determined during the trial (*Fisher v. Fraser,* 171 Kan. 472, 233 P. 2d 1066, 29 A. L. R. 2d 699) and it cannot be raised in a 60-1507 proceeding, inasmuch as the guilt or innocence of a convicted person is not properly justiciable therein (*Hanes v. State,* 196 Kan. 404, 411 P. 2d 643).

Kiser next contends that his constitutional rights were violated during the commission hearing in that he was required to incriminate himself by admitting, as a result of questions by the county

attorney, that he had committed the burglary for which he was charged. We note that any statements made by the petitioner to the commission were made in the presence of his attorney and without objections; therefore, we are unable to discern in what manner his constitutional rights were violated. Moreover, inasmuch as he entered a plea of guilty, petitioner cannot complain of statements which were not used as evidence against him. (*McCall v. State*, 196 Kan. 411, P. 2d 647; *Call v. State*, 195 Kan. 688, 408 P. 2d 668.)

Petitioner next complains that the journal entry of sentence erroneously recites that on October 4, 1954, he was sentenced for the offense of "burglary in the second degree contrary to G. S. 1949, 21-609," whereas, in truth and fact, the conviction was of forgery in the second degree contrary to G. S. 1949, 21-609. The error is admitted by the appellee. The journal entry of the 1954 conviction and sentence correctly describes the crime as "forgery in the second degree contrary to G. S. 1949, 21-609." Under the circumstances, petitioner was in no way prejudiced by the faulty description of the offense, inasmuch as either burglary or forgery in the second degree is a "felony" within the purview of G. S. 1949, 21-107a. The misdescription of the prior offense in the journal entry of sentence constitutes an irregularity which does not affect the validity of the petitioner's sentence and provides him with no ground for relief in this proceeding. Upon proper motion, or upon the district court's own initiative, the journal entry of sentence may be corrected by an order *nunc pro tunc.* (*State v. Moses*, 190 Kan. 485, 376 P. 2d 804, cert. den. 368 U. S. 863, 7 L. Ed. 2d 61, 82 S. Ct. 110; *Converse v. Hand*, 185 Kan. 112, 340 P. 2d 874.)

For the reasons herein stated, we hold that the district court correctly determined from a review of the motion, files and records that petitioner was entitled to no relief. The judgment is affirmed.

FROMME, J., not participating.