No. 45,570

CONARD GARY BUSH, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(454 P. 2d 429)

Opinion filed May 17, 1969.

*Albert John Kirk,* of Wichita, argued the cause, and *Vincent L. Bogart,* of Wichita, was with him on the briefs for the appellant.

*Russell Grant,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *A. J. Focht,* Deputy County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: Petitioner appeals from an order denying relief under K. S. A. 60-1507. In February 1966 petitioner was convicted by a jury on two counts of receiving stolen property in violation of K. S. A. 21-549. The conviction on Count I amounted to a felony. On Count II the jury valued the stolen property received by petitioner at less than $50, resulting in a misdemeanor conviction.

Petitioner filed a motion for a new trial which was heard by the court and overruled.

On March 4, 1966, petitioner filed in this court a notice of appeal from the judgment, sentence and order overruling his motion for a new trial.

Petitioner filed a bond in the amount of $12,000, and sentence was stayed by this court. Petitioner took no further steps to perfect his appeal. On April 15, 1967, the state filed a motion to dismiss the appeal on the grounds petitioner had failed to comply with the rules of this court by failing to file his brief and abstract on or before March 1, 1967, under the provisions of Rule No. 15 (Rules of the Supreme Court, 201 Kan. xxvii). The state further pointed out that petitioner had not sought an extension of time. On April 24, 1967, the appeal was dismissed by this court. On May 11, 1967, petitioner was transported to the Kansas State Penitentiary.

During his trial and posttrial proceedings, including the initiating of his appeal, petitioner was represented by personally retained counsel.

In July 1967, while confined in the penitentiary, petitioner filed a motion in this court to reinstate his appeal. The state filed a response, objecting on the grounds that no meritorious explanation was made by petitioner for not abiding by the rules of this court in perfecting his appeal. After considering the matter this court denied petitioner's motion to reinstate on August 31, 1967.

On November 15, 1967, petitioner filed his present motion on the form provided by our Rule No. 121 (Rules of the Supreme Court, 201 Kan. xxxii).

On March 25, 1968, the trial court, after examining the files in the present case and the transcript, files and records in the criminal action, made extensive findings of fact, conclusions of law and determined the files and records conclusively showed petitioner was not entitled to relief.

Thereafter present counsel was appointed and this appeal was perfected.

The points raised by petitioner in his motion and in this appeal consist mainly of trial errors which could have been raised on a direct appeal. Notwithstanding that a proceeding such as this is not to be used as a substitute for an appeal (Rule No. 121 [c] [3] of the Supreme Court, 201 Kan. xxxiii), under the circumstances present, we shall consider issues raised on their merits.

Petitioner first attacks the sentence pronounced by the trial court

as being excessive. The trial journal entry discloses petitioner was sentenced to the Kansas State Penitentiary for a period of fifteen years on Count I, receiving stolen property, a felony contrary to K. S. A. 21-549. On Count II, the misdemeanor conviction, petitioner was sentenced to the Sedgwick County jail for one year. The sentences were ordered to run concurrently. Although petitioner failed to specifically set out the point in his 60-1507 motion, he now claims that the failure of the trial journal entry to reflect what is required by K. S. A. 62-1516 denied him a substantive right because he had not been adequately apprised of the trial court's reasons for sentencing him under K. S. A. 21-107a.

Although the trial journal entry fails to recite the previous convictions relied on, as required by 62-1516, the trial court, in ruling on petitioner's motion, made findings in this regard as follows:

"(c) The court further finds that the defendant took the stand during the trial and testified that he had been convicted on October 24, 1954 of burglary and larceny in the State of Missouri, and that on March 20, 1956, in Sedgwick County, Kansas, he was convicted of possession of a pistol after conviction of a felony."

The trial proceedings, included in the record before us, disclose that while on the witness stand petitioner admitted a Missouri conviction for burglary and larceny in 1953 and a 1956 Kansas conviction for possession of a pistol after conviction of a felony.

Further, the sentencing proceedings, following the hearing on petitioner's motion for a new trial, disclose the state offered into evidence authenticated records disclosing petitioner's Missouri conviction of burglary and larceny and also records of the Sedgwick County, Kansas, conviction in 1956.

Even though petitioner concedes in his brief that an irregular or incomplete journal entry may be corrected by a *nunc pro tunc* order of the court, he claims that since a *nunc pro tunc* journal entry has not been filed he has not been adequately apprised of the trial court's reasons for sentencing him under 21-107a.

He further argues that even if a *nunc pro tunc* journal entry were filed, it would be too late for him to present to this court any questions that might arise.

By way of explanation, the state has appended to its brief a copy of a motion to correct the journal entry *nunc pro tunc*, filed June 2, 1967, and a journal entry thereon setting out the previous convictions and fully correcting the trial journal entry. The state's attorney

explains a *nunc pro tunc* journal entry was mailed to petitioner's counsel but not returned and, therefore, has not been filed to this date.

The record conclusively shows that at the time of sentencing defendant was well aware of the identity of the two previous convictions, referred to by the trial court, and used as a basis for imposing sentence under K. S. A. 21-107a.

While on the witness stand petitioner admitted and described the convictions. At the sentencing proceedings the state offered documentary evidence of the two convictions. Petitioner's attorney objected to the state's exhibits as not being properly certified or authenticated. The trial court considered this matter and ruled against petitioner. Petitioner could not possibly have been misled as to the identity of the two prior convictions.

This being the case, the sentence is not void; the journal entry is merely incomplete and subject to correction. (*Kiser v. State,* 196 Kan. 736, 413 P. 2d 1002; *State v. Moses,* 190 Kan. 485, 376 P. 2d 804, cert. den. 368 U. S. 863, 7 L. Ed. 2d 61, 82 S. Ct. 110; *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874, and *Browning v. Hand,* 184 Kan. 365, 336 P. 2d 409, cert. den. 361 U. S. 926, 4 L. Ed. 2d 240, 80 S. Ct. 295.)

The state admits the journal entry does not correctly reflect the judgment of the trial court and should be corrected *nunc pro tunc*; why the correction has not been completed we are at a loss to understand. We are compelled to remand the case with directions that the journal entry be corrected in accordance with what was said in *Kiser v. State,* supra, and *Wilson v. Hudspeth,* 165 Kan. 666, 198 P. 2d 165, cert. den. 335 U. S. 909, 93 L. Ed. 442, 69 S. Ct. 410, rehearing denied 336 U. S. 911, 93 L. Ed. 1075, 69 S. Ct. 511.

In connection with the matter just considered we feel called upon to point out mandatory directions of K. S. A. 62-1516 which read:

"It shall be the duty of the court personally to examine with care the entry prepared for the journal, or the journal when written up, and to sign the same and to certify to the correctness thereof."

Petitioner claims his prior conviction for possession of a pistol after a felony conviction under K. S. A. 21-2611, cannot be considered as a prior felony conviction for the purpose of imposing sentence under K. S. A. 21-107a under our decisions in *State v. Ware,* 201 Kan. 563, 442 P. 2d 9, and *State v. Porter,* 201 Kan. 778, 443 P. 2d 360. Petitioner fails to recognize the factual distinctions which

make those cases inapplicable here. In both *Ware* and *Porter* the thrust of our holdings was that a previous felony conviction relied on to establish a violation of the felony firearms statute (21-2611) may not in the same case also be used to invoke the provisions of the Habitual Criminal Act. In petitioner's case the prior felony firearms conviction is a separate felony used only to invoke the Habitual Criminal Act. In *State v. Ricks,* 173 Kan. 660, 250 P. 2d 773, we held the Habitual Criminal Act is a law of general application and creates no exceptions as to any felony previously committed. Possession of a pistol in violation of 21-2611 was held sufficient to constitute *any felony* for the purpose of conviction under K. S. A. 21-401, defining first degree murder under the felony murder rule in *State v. Moffitt,* 199 Kan. 514, 431 P. 2d 879.

Petitioner next claims the 1954 Missouri conviction of burglary and larceny does not constitute a prior felony conviction because he was sentenced to the Missouri "Intermediate Reformatory for Young Men," rather than to the penitentiary. Petitioner's claim is without merit. In Missouri, as in Kansas, burglary and larceny are punishable by confinement in the penitentiary and constitute a felony even though an offender may have been administratively dealt with in a different manner. The punishment prescribed refers to the offense and not the sentence. (*State v. Hacker* [Mo. 1948], 214 S. W. 2d 413; *State v. Nolan* [Mo. 1958], 316 S. W. 2d 630; *Fry v. Hudspeth,* 165 Kan. 674, 197 P. 2d 945.) See, also, *Martin v. Amrine,* 156 Kan. 384, 133 P. 2d 582.

In his 60-1507 motion petitioner attacks Instruction No. 9, which was submitted in his criminal trial, after the jury had deliberated for some time but had failed to reach a verdict. We are not informed, nor does the record disclose, precisely at what point during the jury's deliberation the instruction was submitted.

Instruction No. 9 is a so-called "Allen" instruction. (*Allen v. United States,* 164 U. S. 492, 41 L. Ed. 528, 17 S. Ct. 154.) As submitted by the trial court it follows the text of PIK 10.20. When submitted and on motion for a new trial, petitioner argued the instruction was barred by our holding in *State v. Earsery,* 199 Kan. 208, 428 P. 2d 794. The trial court simply ruled that *State v. Earsery,* supra, would not be applied retrospectively. It appears counsel and the trial court may have misconstrued our holding in *Earsery.* We pointed out in *Earsery* that the facts did not require a determination whether the PIK instruction, standing alone, would constitute preju-

dicial error. Our decision on the point there was based on oral remarks of the trial court which went far beyond the language of the instruction. The record here does not disclose any additional extemporaneous remarks by the trial court as in *Earsery* or in *State v. Basker*, 198 Kan. 242, 424 P. 2d 535.

Under the surrounding circumstances shown to exist in this case, the giving of the instruction does not amount to prejudicial error; however, we again call attention to the caveat issued in *State v. Oswald*, 197 Kan. 251, 417 P. 2d 261, and reiterated in *Earsery*.

Petitioner in his 60-1507 motion raises another alleged trial error concerning the trial court's refusal to allow additional alibi witnesses to testify when they were not listed on the notice of alibi. Petitioner further claims he was denied due process of law in this regard.

Notice of plea of alibi is provided for in K. S. A. 62-1341 which reads in part:

"On due application, and for good cause shown, the court may permit defendant to endorse additional names of witnesses on such notice, using the discretion with respect thereto now applicable to allowing the county attorney to endorse names of additional witnesses on an information. . . ."

Whether additional names are to be endorsed on a defendant's notice of the plea of alibi, as provided in the statute, rests in the discretion of the trial court. (*State v. Berry*, 170 Kan. 174, 223 P. 2d 726, and *State v. Rafferty*, 145 Kan. 795, 67 P. 2d 1111.)

Petitioner filed his notice of plea of alibi as to Count I on January 21, 1966; his trial did not commence until February 2, 1966. The information, filed January 17, 1966, unlike that in *State v. Taylor*, 198 Kan. 290, 424 P. 2d 612, specifically alleged the offense charged in Count I to have occurred on November 26, 1965. The time of the offense was fixed at the preliminary hearing on January 14, 1966. In his notice of alibi, petitioner alleged that he was at another place during the hours 8 to 10 p. m. on that date. Petitioner makes no complaint that he was misled as to the time of the offense, asserted by the state, he merely claims that he had not had an opportunity to obtain the names of the two witnesses he wished to add. Under the circumstances related, petitioner's assertion cannot be said to amount to "good cause shown" so as to serve as a basis on appellate review of a finding of abuse of discretion on the part of the trial court.

Petitioner admits our notice of the plea of alibi statute, 62-1341, is constitutional under existing decisions (*Rider v. Crouse*, [10th Cir.

1966], 357 F. 2d 317), but maintains that under *Washington v. Texas*, 388 U. S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920, he was denied due process of law in his conviction. The case is not in point.

The decision in *Washington* struck down Texas statutes providing an across the board disqualification, as witnesses for an accused, all persons charged or convicted as coparticipants in the same crime. Our alibi statute bars no one as a witness for the accused but merely prescribes notice as a prerequisite.

Finally, petitioner insists the failure to appoint counsel and grant a full hearing on his motion amounts to a denial of constitutional due process of law.

The points raised by petitioner in his motion concern matters which were considered and determined by the trial court during the course of the criminal trial. As evidenced by the findings and conclusions made herein, the trial court had before it the complete record, including arguments of counsel on the points at issue during the trial and on motion for a new trial. Under the circumstances the appointment of counsel would have served no useful purpose. Petitioner's motion for relief presented no disputed facts, and there was nothing about the case to cause the court to hold an evidentiary hearing. (*Davis v. State*, 197 Kan. 576, 419 P. 2d 832, and *Chappell v. State*, 197 Kan. 407, 416 P. 2d 786.)

The trial court was fully justified in determining that the motion and files and records of the case conclusively showed that petitioner was entitled to no relief.

As heretofore indicated, the case must be remanded with directions to complete *nunc pro tunc* proceedings correcting the journal entry.

It is so ordered.