No. 39,474

J. F. REFFITT, *Petitioner,* v. C. A. EDMONDSON, Warden, Kansas State Penitentiary, *Respondent.*

(276 P. 2d 341)

Opinion filed November 13, 1954.

J. F. *Reffitt* was on the briefs *pro se.*

*Harold R. Fatzer,* attorney general, and *Thomas M. Evans,* assistant attorney general, were on the briefs for the respondent. ·

The opinion of the court was delivered by

SMITH, J.: This is an original proceedings in habeas corpus. Petitioner was sentenced and is confined in the state penitentiary for the term of four years for a violation of G. S. 1949, 21-442. He alleges the entire proceedings were void and asks that he be released.

The statute, a violation of which the petitioner was charged and of which violation he pleaded guilty, makes wife or child desertion a felony. Petitioner acted as his own counsel and filed a brief and reply brief written by himself.

The first point he makes is, he was charged with desertion on February 23, 1953, while as a matter of fact he was at home on that day and at the most only absent from his home for a few days. He makes a point of the fact that the complaint was filed and the warrant was issued on the same day when he was alleged to have deserted. The transcript from the justice court does not quite bear this statement out. It shows the complaint was filed on March 4, 1953. At any rate this fact would go to the guilt or innocence of the petitioner. We cannot try that question in habeas corpus. It would not, if it be true, render the judgment void.

Petitioner next argues that he let the state force him to plead guilty on the promise that he would be given a bench parole so that he could provide for his wife and children. This record is not as complete as it should be. However, attached to the brief of peti-

tioner is an excerpt from the trial docket reading as follows: "October 5, 1953. Parole revoked. Bench warrant ordered issued." It is not an uncommon practice for a trial judge to parole one who has pleaded guilty or been found guilty of wife and child desertion on condition that he will support them. We shall discuss that later in this opinion. The purpose of the statute and the end sought by the state is to cause the defendant in such cases to provide for those dependent on him. We are furnished with no statement by either party as to the reason for the parole being revoked. At any rate, we only have the bare statement of petitioner that he was forced to plead guilty. He has the burden of proving his allegations by a preponderance of the evidence. His mere statement is not enough to sustain that burden. (See *Scott v. Hudspeth*, 171 Kan. 320, 232 P. 2d 464.)

. Petitioner next argues the trial court failed to inform him of his right to have counsel of his own choosing in accordance with the provisions of G. S. 1949, 62-1304. He states that an attorney did visit him at the jail and informed him that he had been sent by the county attorney to represent him. Petitioner states that on account of his ignorance of the law he did allow this attorney to represent him and this attorney advised him to plead guilty on the promise that he would be given a bench parole. Petitioner states that the above convicts the county officials of conspiring to defeat justice and deprive him of his liberty.

As to the appointment of counsel, it does not appear that the provisions of G. S. 1949, 62-1304, were not complied with by the trial court. At least the record supplied us does not show such noncompliance. The journal entry does show that the defendant appeared in person and by counsel, naming him. Petitioner concedes in his brief that counsel called on him, advised him and he took the advice. G. S. 1949, 21-445, provides that the trial court at the time of the trial on entry of a plea of guilty or on conviction may in its discretion make an order directing the defendant to pay a certain sum periodically for the support of his wife and children and shall have power to release defendant from custody for a fixed period. In view of that statute and the admission of petitioner as to using the counsel furnished, we are unable to find much fault with the way the counsel matter was handled, especially since apparently he was placed on probation for a while at least. Here again we have only the word of petitioner. Even if his statements were true, they fall far short of rendering the judgment void.

About the only matter in which these proceedings fail to conform with the provisions of G. S. 1949, 62-1304, is the failure of the trial court to have the court reporter make a transcript of the proceedings when counsel was appointed and to incorporate the appointment in the final journal entry. This, no doubt, occurred because counsel had been appointed before petitioner decided to plead guilty and the guilty plea seems to have been entered because the trial court had indicated an intention to order the defendant to make periodic payments for the support of his wife and children and to put him on probation so he could do so.

Petitioner next points out the failure of the trial court to comply with the requirements of G. S. 1949, 21-107a. This is what is known as the habitual criminal act. It provides every person convicted a second time of felony shall be confined not less than double the time of the first conviction. The record furnished us by the petitioner shows that at the time of sentence the county attorney informed the trial court that the petitioner had told him he had been in the Colorado penitentiary on a felony charge. Presumably this statement was made in the presence of petitioner and was not contradicted by him. The section provides the judgment shall not be given for the increased penalty unless the court shall find from the record and other competent evidence the fact of former convictions. Petitioner argues the statement made by the county attorney to the trial court was not competent evidence under the provisions of the statute. This argument is not good in view of the fact that the statement was made in the presence of the defendant and not disputed by him.

We dealt with such an argument in *Childs v. Amrine,* 155 Kan. 383, 125 P. 2d 349. There we said:

"If incompetent evidence was introduced on the trial the remedy was by timely appeal. Habeas corpus is not a substitute for an appeal as a means of correcting alleged trial errors or irregularities."

Petitioner next points to the journal entry of judgment and argues that it does not comply with the requirements of G. S. 1949, 62-1516, in that it does not state the statute under which the petitioner was charged. That statement is not literally correct. The copy of the journal entry attached to petitioner's petition does contain the number of the statute, without any reference to the volume where it may be found. The journal entry simply contains the figures "21-442," whereas to be meticulously correct it should have the following citation: "G. S. 1949, 21-442."

Furthermore, the journal entry does not comply with the provisions of G. S. 1949, 62-1516, relative to previous convictions, although the journal entry does contain the words "the habitual criminal" in parentheses.

The fact that the journal entry is incomplete does not render the judgment void or voidable. In *Jamison v. Hudspeth*, 168 Kan. 565, 213 P. 2d 972, we said:

"Although the journal discloses petitioner's sentence was increased by virtue of three previous felony convictions it does not comply with the other clear requirement with respect to such previous convictions.

"Petitioner has not served the sentence which was imposed and is, therefore, not entitled to his release. The sentence is not void as contended by petitioner. The journal is merely incomplete and should be completed to conform to the requirements of G. S. 1947 Supp. 62-1516. The proper proceeding for the completion of a journal has been clearly outlined in *Wilson v. Hudspeth*, 165 Kan. 666, 668-669, 198 P. 2d 165, under a sentence which was not void but merely incomplete. The directions respecting the proper procedure there stated should be followed in this case."

The same procedure should be followed here.

The motion of the respondent to dismiss the petition is sustained.