No. 40,199

STATE OF KANSAS, *Appellee*, v. RALPH HAUGHT, *Appellant*.

(299 P. 2d 573)

· Opinion filed June 30, 1956.

*Ralph Haught, pro se.*

*Owen J. Redmond, Jr.,* deputy county attorney, of Wichita, argued the cause, and *John Anderson, Jr.,* attorney general, and *Warner Moore,* county attorney, of Wichita, were·with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The defendant was charged, tried and convicted of burglary in the second degree, as defined by G. S. 1949, 21-514, and of attempted rape upon a six-year-old girl, as defined by G. S. 1949, 21-424 and 21-101. By reason of three prior felony convictions he was sentenced on each count to life imprisonment in the Kansas State Penitentiary under the provisions of G. S. 1949, 21-107a, the sentences to run concurrently.

On August 3, 1955, a complaint was filed and a warrant issued by the judge of the Court of Common Pleas in Sedgwick county charging defendant with the mentioned offenses. He was arrested and brought before that court and bond for his appearance was fixed, in default of which he was committed to the county jail. Subsequently he appeared before the mentioned court stating he had no money with which to employ counsel. The court appointed Patrick Kelly, a member of the bar of this state, to defend him. On August 30, defendant and his counsel appeared and waived preliminary hearing on the charges, and defendant was bound over to appear in the district court of that county for trial.

On September 9, an information was filed in the district court charging defendant in the first count with the crime of burglary in the second degree, and in the second count with attempted rape. On the same day, defendant appeared before the court and again stated he had no funds with which to employ counsel. The trial court appointed Mr. Patrick Kelly, who was defendant's counsel. at the preliminary, to represent him in the trial of the case in the district court. The court set the case for conference on September 20, and for trial on September 26. On the latter date, defendant and his counsel appeared for trial and advised the court that defendant had waived arraignment and entered a plea of not guilty to the offenses charged in the information filed, and announced to the court that defendant was ready for trial.

At no time prior to trial did defendant attack the sufficiency of the information, nor any of the prior proceedings in the case. On the last mentioned date, the trial was commenced. A jury was impaneled and sworn, the county attorney made his opening statement, and the witnesses were sworn. A brief résumé of the state's evidence discloses that in the forenoon of the date charged in the information, defendant forcibly broke into and entered through the back door of the dwelling house of Mr. and Mrs. Gerald G. Bellesine, then occupied by them. Rosie Rousch, upon returning from the grocer to the Bellesine home that morning found defendant in the living room where Roberta, the six-year-old daughter of the Bellesines had been laid on the couch and defendant was kneeling beside the couch with his pants unbuttoned. Rosie immediately ran to the second floor to inform the girl's mother. Mrs. Bellesine put on her dressing gown and immediately went downstairs where she found defendant in the kitchen, with his pants opened in the front, and was attempting to fasten them. She ordered him out of the house and he went down the street and entered the home of Mr. and Mrs. Tucker where he went to their bedroom, advising them that he was a city inspector and was checking trash cans, and when asked for his credentials he left their home. He was followed by Mr. Tucker and Mr. Bellesine. The matter having been reported to the police department, defendant was apprehended. Further details of his evading apprehension and arrest need no further attention. Mrs. Bellesine immediately took her daughter to the emergency room of the hospital. Examination was made by a practicing physician which revealed there was a

small amount of blood from a laceration in the hymenal ring. The doctor testified that the tear was caused by some hard object causing distension or expansion of the hymenal ring causing it to tear. A laboratory technician testified he examined and found blood in the crotch of the panties, worn by Roberta, which were introduced in evidence. When the officers took defendant to the police station, they advised him that he was being held for investigation of burglary and attempted rape, to which defendant replied: "What degree of burglary are you going to charge me with?" He was informed he would be charged with burglary in the second degree. The arresting officers advised defendant of his constitutional rights, to which he replied that he knew them because he had been arrested on a felony before, and it was not necessary for the officers to relate them to him. They told him that he had a right to contact an attorney, to use the telephone, and that anything he said could be used against him. He informed the officers he had served in two different penitentiaries; that he was arrested for attempted rape in 1936; that he had served two years in the West Virginia State Penitentiary; that he served time in the McAlister (Oklahoma) Penitentiary for burglary; that he was arrested in 1954 in Pomona, California, for molesting an eight-year-old girl and was paroled from the charge. Without further detail, it may be said that the record is replete with testimony that the defendant forcibly entered the Bellesine home and attempted to commit the crime of rape on the six-year-old girl.

At the close of the state's evidence, defendant chose not to introduce any evidence in his own defense. The jury was instructed as to the law of the case, to which instructions defendant made no complaint. After due deliberation, the jury returned a verdict of guilty as charged on both counts of the information. Motion for new trial was filed and withdrawn by the defendant before sentence. When the defendant and his counsel appeared before the trial court for sentence, the State introduced duly certified copies of court proceedings of three previous convictions of felonies, in the states of Oklahoma, Arizona and West Virginia, and the trial court sentenced the defendant under the Habitual Criminal Act (G. S. 1949, 21-107a). From the judgment, defendant served a notice of appeal specifying error, as hereafter discussed.

Defendant first contends he was neither properly defended nor apprised of his state and constitutional rights. However, it is not

asserted by defendant wherein he was not properly defended or so advised, but he chooses to rely upon the bare conclusion, as stated. The record discloses that after his arrest and before he waived his preliminary hearing, Patrick Kelly, a competent lawyer and member of the state bar, was appointed to represent him in the Court of Common Pleas, and that defendant consulted with him and later appeared with him before that court and waived preliminary hearing; that after the information was filed by the county attorney in the district court, defendant appeared before that court. Patrick Kelly, having represented him at the preliminary hearing, was reappointed by that court and continued to represent defendant at the trial. No objection was made by defendant to such appointment, or that the appointed counsel was unsatisfactory. A review of the record in this case discloses nothing to indicate or infer that defendant was not properly and competently represented by counsel. On the contrary, the record reveals defendant was accorded a full, fair and adequate trial. The decisions made by his counsel in the trial of the action were those about which astute lawyers might differ. If we set aside convictions and sentences for such reasons there would never be an end to a criminal case. "No thief e'er felt the halter draw, with good opinion of the law." (*Trugillo v. Edmondson,* 176 Kan. 195, 203, 270 P. 2d 219.) There is nothing in the record to indicate that defendant was not apprised of his state and constitutional rights. He stated to the arresting officers that he knew these rights as he had been arrested on felonies before.

He next contends he was denied due process of law, equal protection of the law and equal justice according to the law. These are general complaints, and defendant fails to point out wherein he was denied such rights. Our examination of the record fails to disclose any such denial.

Defendant further contends that his case was not properly presented, that erroneous statements were presented in the case, and that the law and evidence did not coincide. No claim was made that the state used any perjury testimony or suppressed any testimony that was favorable to the accused. He made no objection to the testimony of the witnesses and, at the close of the state's case, he was given an opportunity to present his evidence and he chose to rest his cause without presenting evidence, and he made no objection to the instructions of the court.

An examination of the record reveals there was ample, competent

evidence to support the jury's verdict on each count of the information. It is the function of the jury, not that of a court of appellate review, to weigh the evidence and pass upon the credibility of the witnesses, and if there is substantial, competent evidence to support it, a verdict will not be disturbed on the ground it was not based on sufficient evidence, or contrary to the evidence. (*State v. Osburn*, 171 Kan. 330, 232 P. 2d 451.) It is a long standing rule of this court that in a criminal action, alleged trial errors not heard or presented on the hearing of a motion for new trial are unavailing on appeal. (*State v. Hayes*, 169 Kan. 505, 219 P. 2d 442; *State v. Zeilinger*, 147 Kan. 707, 78 P. 2d 845; *State v. Fletcher*, 174 Kan. 530, 531, 256 P. 2d 847; *State v. Graham*, 172 Kan. 627, 629, 242 P. 2d 1067.) In *State v. McManaman*, 175 Kan. 33, 258 P. 2d 997, it is stated:

"Specifications of error not included in the grounds of a motion for a new trial and called to the trial court's attention cannot be considered on an appeal from a conviction in a criminal action." (Syl. ¶ 1.)

Notwithstanding the above rule of law, we have carefully considered defendant's contentions of error and have determined that each is without merit.

In the instant case it is disclosed that, before sentence was imposed by the trial court, defendant admitted three prior convictions of felonies in other states, and he cannot now be heard to say that a sentence under the Habitual Criminal Act (G. S. 1949, 21-107a) is invalid. (*State v. Graham*, supra; *Reffitt v. Edmondson*, 177 Kan. 83, 85, 276 P. 2d 341.) Moreover, in the instant case, certified copies of three previous convictions of felonies were introduced into evidence prior to the time of sentence.

After a careful examination of the lengthy record, we find nothing in defendant's contentions justifying a reversal of the case. It follows the judgment of the trial court is affirmed.

It is so ordered.

FATZER, J., not participating.