No. 43,079

STATE OF KANSAS, *Appellee*, v. WAYNE E. RALPH, *Appellant*.

(399 P. 2d 548)

Opinion filed March 6, 1965.

*E. J. Malone*, of Wichita, argued the cause and was on the briefs for the appellant.

*J. O. Ballinger*, Deputy County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The defendant, Wayne E. Ralph, was charged with the crimes of second degree forgery and uttering, as defined by statute (G. S. 1949, 21-608 and 21-609 [now K. S. A. 21-608 and 21-609].) After his arrest on the charges indicated, and preliminary proceedings about which no complaint is made, he was charged by information in the district court of Sedgwick County with the commission of such crimes. In that court, while represented by competent court-appointed counsel, namely, John Pyles of Wichita, defendant entered a plea of guilty to each of the crimes charged in the information and was thereupon sentenced, for their commission, to the state penitentiary under the provisions of G. S. 1949, 21-631 and 21-107a (now K. S. A. 21-631 and 21-107a), for the period of time therein prescribed.

Subsequently defendant gave a *pro se* notice of appeal to this court from his judgment of conviction and sentence. Later, and pursuant to his motion, the trial court directed that he be furnished with a free transcript of the record pursuant to G. S. 1961 Supp., 62-1304, and, in conformity with our Rule No. 56, ultimately appointed E. J. Malone, a capable attorney of Wichita, to represent him in this court on appeal. Mr. Malone fulfilled this obligation by filing a proper abstract and brief and by orally arguing the cause on the date appellant's appeal was heard by this court on its merits.

The record in this case presents but three questions. They will be considered in the order in which they are discussed in the abstract and briefs.

Appellant's first contention is that he was not properly represented by counsel at the time of arraignment and sentence as contemplated by G. S. 1961 Supp., 62-1304. This claim finds its answer in the court reporter's transcript of the record. It is to be noted such transcript is included in the appellant's abstract, is certified by both the reporter and the appellant's attorney as a correct copy of the transcribed record, and must be accepted as reflecting a true and accurate account of the trial court proceedings therein set forth and described.

So far as material to the claim now under consideration, and other contentions to be presently discussed, pertinent portions of the reporter's transcript, as abstracted by appellant, read:

"THE TRANSCRIPT"

"Page 1 shows the date of hearing before the Honorable E. E. Sattgast, Judge, to be Noember 22, 1961, with J. O. Ballinger Deputy County Attorney appearing for the State, and John Pyles for Defendant.

"THE COURT: Wayne E. Ralph

"MR. RALPH: Yes, sir

"THE COURT: You are Wayne E. Ralph, are you, sir?

"MR. RALPH: Yes, sir.

"THE COURT: And you are represented by Mr. John Pyles?

"MR. RALPH: Yes, I am.

"MR. PYLES: I been appointed."

. . . . . . . . . . . . . .

"THE COURT: At this time do you waiver [waive] the reading of the informal [information] and formal arraignment?

"MR. RALPH: Yes, sir.

"THE COURT: You are charged in one count, I guess it is, with forgery under section 21-608 of the General Statutes, and uttering. At this time do you care to enter your plea?

"MR. RALPH: Yes, your honor.

"THE COURT: And if so, how do you plead?

"MR. RALPH: Guilty, sir.

"THE COURT: And you plead guilty because you are guilty?

"MR. RALPH: Yes.

"THE COURT: Do you know of any reason why—

"MR. BALLINGER: (Interrupting) Now, Your Honor there is uttering on this.

"THE COURT: Yes, I said one count. There is a charge of uttering under Section 21-609. And do you plead to that?

"MR. PYLES: Yes, Your Honor.

"THE COURT: And how do you plead?

"MR. RALPH: Guilty, sir.

"THE COURT: And you plead guilty because you are guilty?

"MR. RALPH: Yes, sir.

"THE COURT: Do you know of any reason why sentence should not be pronounced?

"MR. PYLES: No, we do not know of any reason.

"MR. BALLINGER: Before we pass sentence, I have talked to Mr. Ralph and Mr. Pyles both. The State has talked to both of them about it and is going to ask the Court to invoke the provisions of Section 21-217 [no such section appears in the statutes] and 107a and 21-109 and introduce at the request of the State the DJ with the consent of the defense attorney, I understand.

"MR. PYLES: I have.

"THE COURT: You admit there have been previous felonies?

"MR. RALPH: Yes, sir.

"MR. BALLINGER: At least two of them.

"THE COURT: The court will invoke, in pronouncing sentence, Section 21-107 [Repealed, Laws of 1937, Chapter 209, Section 1] and 107a, and under your plea of guilty to forgery under Section 21-608 the Court will invoke the habitual criminal act and sentence you to 15 years at hard labor in the State Penitentiary at Lansing, Kansas.

"MR. PYLES: That is concurrent.

"THE COURT: I haven't sentenced him yet. It'll be the further judgment of the court upon your plea of guilty to uttering under Section 21-609 of the General Statutes of Kansas that you be sentenced to the State Penitentiary by invoking the habitual criminal act to serve a term of 15 years. I'll permit both terms to run consecutively.

"MR. PYLES: No.

"THE COURT: Concurrently, concurrently. . . . "

. . . . . . . . . .

"MR. PYLES: Let the record show that I didn't forget to ask for a parole.

"THE COURT: And I denied your motion to parole. Let the record show that too, sir.

"MR. PYLES: Alright. Thank you."

Nothing would be gained by repeating or further laboring what is to be found in the first portion of the court reporter's transcript, as heretofore quoted. It suffices to say the statements therein recited unmistakably establish, in language so clear and unequivocal it is subject to no other interpretation, that appellant was represented by counsel at the time of his arraignment and sentence, as contemplated by 62-1304, *supra*. It follows the claim now under consideration lacks merit and cannot be upheld.

Support for the conclusion just announced is to be found in our decisions. See *State v. Trams*, 189 Kan. 393, 369 P. 2d 223, where it is held:

"Upon appeal, if susceptible of a reasonable interpretation to the contrary, the record of the proceedings of the trial court in a criminal action will not be interpreted to show error." (Syl. ¶ 7.)

And in the opinion said:

"Long ago, in *The State v. Durein*, 70 Kan. 1, 78 Pac. 152, this court committed itself to the rule that in a criminal appeal the record of the proceedings in the trial court will not be interpreted to show error if it be susceptible of a reasonable interpretation to the contrary. (*State v. Smith*, 171 Kan. 722, 726, 237 P. 2d 388.)" (p. 397.)

The sole argument advanced by appellant in support of his second contention reads:

"Inasmuch as the court made no provision to look after the rights of defendant until after his arraignment and other matters concerning him and the offense with which he was charged, he was deprived of due process."

Portions of the records, to which we have heretofore referred, and what has been previously stated and held, fully demonstrate this claim raises no new or additional issue and must be denied.

Appellant's third and final claim is based upon the general premise that he was deprived of his rights as contemplated by G. S. 1949, 62-1516 (now K. S. A. 62-1516), and the Fifth Amendment to the Constitution of the United States. Specifically, in support of this claim, he raises two points. These points, hereinafter identified as (*a*) and (*b*) will now be stated and, for purposes of further discussion, will be referred to as indicated.

(*a*) Appellant was compelled to furnish evidence against himself with respect to prior conviction. (*b*) Appellant was erroneously sentenced inasmuch as there was no evidence introduced to warrant the court to invoke the habitual criminal statute (G. S. 1949, 21-107a (now K. S. A. 21-107a).

Appellant's claim as to point (*a*) lacks merit and cannot be upheld. The inescapable facts, as disclosed by quoted portions of the transcript, make it clearly appear that at the hearing upon the applicability of the habitual criminal statute (21-107a, *supra*) appellant and his counsel, in open court, freely and voluntarily admitted appellant had been convicted of previous felonies. Under these circumstances, and other facts set forth in the transcript, it cannot be successfully argued that appellant was compelled to furnish evidence against himself in violation of his rights under the Fifth Amendment to the Constitution of the United States or that he was deprived of rights under 62-1516, *supra*.

After an extended examination of the many cases dealing with issues similar to the one raised by appellant in point (*b*) of his third contention we have no difficulty in concluding this claim of error is also devoid of merit and must be denied.

We now direct attention to just a few of our decisions which not only support but compel the conclusions herein announced with respect to all claims of error advanced by appellant.

In *State v. Messmore,* 175 Kan. 354, 264 P. 2d 911, we held:

"Although a person convicted of a felony ordinarily should be timely apprized that an increased sentence will be demanded, pursuant to G. S. 1949, 21-107a, by reason of a prior felony conviction, a sentence will not be vacated where the uncontradicted evidence discloses such person, between the time of the instant conviction and sentencing, freely admitted former felony convictions, did not object to the imposition of an increased sentence on the ground he was not notified such sentence would be demanded and did not assert lack of notice in his motion for a new trial." (Syl. ¶ 2.)

In *State v. Graham,* 172 Kan. 627, 242 P. 2d 1067, it is said:

"Finally it is argued appellant's sentence, in conformity with the provisions of G. S. 1949, 21-107a, is invalid because the trial court did not have before it evidence sufficient to warrant its finding that appellant had twice before been convicted of a felony punishable by confinement in the penitentiary. Specifically this objection is based upon the premise that at the time of sentencing appellant the trial court did not have before it documentary evidence establishing such convictions. Under existing conditions and circumstances such evidence was neither necessary or required. Appellant, himself, had admitted them and no claim is made that his testimony in that respect was not true." (pp. 629, 630.)

See, also, *State v. Haught,* 180 Kan. 96, 299 P. 2d 573, which reads:

"In the instant case it is disclosed that, before sentence was imposed by the trial court, defendant admitted three prior convictions of felonies in other states, and he cannot now be heard to say that a sentence under the Habitual Criminal Act (G. S. 1949, 21-107a) is invalid. (*State v. Graham,* supra; *Reffitt v. Edmondson,* 177 Kan. 83, 85, 276 P. 2d 341.) . . ." (p. 100.)

For another interesting decision see *Reffitt v. Edmondson,* 177 Kan. 83, 276 P. 2d 341, where it is said:

"Petitioner next points out the failure of the trial court to comply with the requirements of G. S. 1949, 21-107a. This is what is known as the habitual criminal act. It provides every person convicted a second time of felony shall be confined not less than double the time of the first conviction. The record furnished us by the petitioner shows that at the time of sentence the county attorney informed the trial court that the petitioner had told him he had been in the Colorado penitentiary on a felony charge. Presumably this statement was made in the presence of petitioner and was not contradicted by him. The section provides the judgment shall not be given for the increased penalty unless the court shall find from the record and other competent evidence the fact of former convictions. Petitioner argues the statement made by the county attorney to the trial court was not competent evidence under the provisions of the statute. This argument is not good in view of the

fact that the statement was made in the presence of the defendant and not disputed by him." (p. 85.)

See, also, *State v. Watkins*, 190 Kan. 446, 375 P. 2d 634, which states:

"On cross-examination the appellant testified without objection that he had been convicted of giving bogus checks in the state of California and served thirty-seven months at the California Men's Colony, and that he had been convicted of writing insufficient funds checks in 1958 in the state of Texas where he had served three years for such offenses. By such voluntary testimony without objection by the appellant or his counsel, the appellant waived any right to assert error because the sentence was imposed pursuant to the habitual criminal act. (21-107a, *supra*; see *Oyler v. Boles*, 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501; and *Browning v. Hand*, 284 F. 2d 346.)" (p. 447.)

And see *Johnson v. Crouse*, 191 Kan. 694, 383 P. 2d 978, which reads:

"The petitioner asserts he was not given reasonable notice or apportunity to be heard prior to being sentenced by the district court under G. S. 1949, 21-107a, as an habitual criminal. This case is similar in many respects to *State v. Messmore*, 175 Kan. 354, 264 P. 2d 911, where it was held that when a defendant does not object to the notice given, freely admits the former felony convictions, and does not object to the imposition of the increased sentence, notice is waived and the judgment will not be set aside. Likewise, it is similar to *Sanders v. Hand*, 190 Kan. 457, 375 P. 2d 785, where the petitioner was not informed of the state's intention to request sentencing as an habitual criminal until he was before the court for judgment and sentence. In the opinion it was said:

" '. . . the petitioner was present in person and by counsel at the time the state requested the district court to invoke the habitual criminal act and increase the sentence. Neither he nor his attorney objected to the application of the statute in sentencing, or attacked the authenticated records of the two previous felony convictions. The court gave them an opportunity to do so, but they remained silent. The time for complaint was then, not now. The claim that the petitioner was denied due process of law is rejected, and the writ is denied.' (l.c. 460.)" (pp. 698, 699.)

We find nothing in the record or in arguments advanced respecting the appellate issues involved to require, warrant or permit a reversal of the judgment. Therefore it must be and is hereby affirmed.