No. 43,938

THE STATE OF KANSAS, *Appellee,* v. MARVIN J. IGO, *Appellant.*

(400 P. 2d 968)

Opinion filed April 10, 1965.

E. J. Malone, of Wichita, argued the cause, and was on the briefs for the appellant.

Martin E. Updegraff, deputy county attorney, of Wichita, argued the cause, and Robert C. Londerholm, attorney general, of Topeka, and Keith Sanborn, county attorney, of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: In this consolidated appeal, the defendant, Marvin J. Igo, challenges the sentences imposed against him in two criminal cases. The facts may be stated briefly. In the first case, No. B-11,200, the defendant was charged in two counts; one being burglary and larceny, in violation of G. S. 1949, 21-524 (now K. S. A. 21-524), and the other, uttering a forged check, in violation of G. S. 1949, 21-609 (now K. S. A. 21-609). In the second case, No. B-11,201, Igo was charged with conveying into jail a disguised instrument, proper and useful to aid a prisoner in escape, with the intent to facilitate his own escape, in violation of G. S. 1949, 21-726 (now K. S. A. 21-726).

On September 26, 1961, the defendant appeared in the district court of Sedgwick County, Kansas, before the Honorable E. E. Satt-gast, with his counsel, Messrs. Lasswell and Malone, and entered pleas of guilty to all charges. Sentence was deferred to the follow-ing day at which time the State asked that the defendant be sen-tenced under the provisions of the Habitual Criminal Act and, in the defendant's presence, read into the record three prior convic-tions, specifying the dates thereof, the courts in which the con-

victions were had and the offenses involved. At the same time, counsel for the State informed the court of other offenses alleged to have been committed by the defendant subsequent to the burglary and larceny charged in this suit. Thereupon, the trial court found that the defendant had been convicted of felony on three prior occasions and sentenced him under the provisions of the Habitual Criminal Act for a term of eighteen years on each charge. All sentences were ordered to run concurrently. This appeal was then perfected.

The defendant has raised the following questions in his brief: 1. Was the finding and plea in Case No. B-11,201 (conveying a disguised instrument into jail) in conformity with the charge? 2. Was appellant deprived of his rights under Section 62-1516, G. S. 1949?

The first question arises because of a discrepancy between the wording of the charge and the recitals in the journal entry. In the information the defendant was charged with conveying a "disguised instrument" into jail, while the journal entry sets out that he pleaded guilty to and was sentenced for conveying "weapons" into jail.

Examining the record, we find that at the defendant's arraignment on this charge, the following colloquy took place:

"THE COURT: Let me take up the other . . . [charge] at the same time. And in case Number B-11201 you are charged with an attempted escape, is that it?

"MR. GOODWIN: Conveying instruments.

"THE COURT: Conveying instruments into jail. Are you familiar with that charge?

"MR. LASSWELL: Just a moment.

"THE COURT: You are familiar with that, and your counsel has explained it to you?

"MR. IGO: Yes.

"THE COURT: And you are represented by the same counsel that you are in the other case?

"MR. IGO: Yes.

"THE COURT: And you waived arraignment in that case too? If not, do you do so now?

"MR. LASSWELL: Yes.

"THE COURT: And at this time do you care to enter plea?

"MR. IGO: Guilty.

"THE COURT: And you plead guilty because you are guilty?

"MR. IGO: Yes, sir."

Sentence was deferred to the next day at which time the record shows that the following proceedings, among others, transpired:

"MR. GOODWIN: And then, of course, as the Court knows, in addition to the crime of burglary and forgery and uttering or burglary and uttering to which the defendant pled guilty yesterday, he also pled guilty to the offense of attempt to carry into the jail *instruments* to use in escape, and I would like to advise the Court that this consisted of saw blades which were sewn into the soles of his shoes and discovered by the Marshal.

. . . . . . . . . . .

"THE COURT: And on your plea of guilty to transporting—or—*instruments instruments* into the jail for the purpose of jail break in Case Number B-11201 it will be the judgment of the Court that you be sentenced to the State Penitentiary at Lansing, Kansas (P 10 Tr) for a period of not less than eighteen years. I'll permit the sentences to run concurrently." (Emphasis supplied.)

The foregoing portions of the record make it perfectly clear that the defendant knew exactly what the charge was and that, in fact, he pleaded guilty to conveying into jail an instrument, *i. e.*, a saw blade, secreted in the sole of his shoe. It is unnecessary to quibble over whether, as contended by the State, a saw blade falls within the category of a weapon. The most that need be said to dispose of the defendant's first question is that he pleaded guilty to, and was sentenced for, the very crime charged in the information, and that the journal entry was in error. This would not render the sentence void. (*Browning v. Hand,* 184 Kan. 365, 366, 336 P. 2d 409.) Where such an error occurs, it is the court's duty to correct the journal entry so that it speaks the truth. (*Wilson v. Hudspeth,* 165 Kan. 666, 198 P. 2d 165; *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225.) The power of a trial court to correct a record of its judgment, so that it will mirror the truth, is well discussed and documented in *Tafarella v. Hand,* 185 Kan. 613, 617, 347 P. 2d 356, to which attention is invited.

Turning to the second question, the defendant complains of certain remarks made by the deputy county attorney, Mr. Goodwin, immediately before sentence was pronounced. The challenged remarks consisted of a recital of recent offenses allegedly committed by the defendant, and his accomplice, in the states of Colorado, Utah, California, Arizona and Missouri. The prosecutor's information was obtained from statements made by the defendant himself, and it was not contended that the offenses had resulted in convictions.

As we understand his argument, the defendant contends he was deprived of his constitutional rights under the Fifth Amendment and G. S. 1949, 62-1516 (now K. S. A. 62-1516) by virtue of Mr. Goodwin's disclosures. We fail to see that the Fifth Amendment

has any application to the facts of this case. The defendant was not compelled to be a witness against himself. There is nothing in the record to indicate that any pretrial statements given by the defendant were obtained from him through coercion or improper inducement of any sort. The defendant made no such claim at the time he objected to the prosecutor's remarks, nor does he make such a contention here. He was not compelled, or even asked, to verify the statements made by the deputy county attorney.

Nor do we understand the basis for the defendant's argument that his rights under 62-1516 were prejudiced. This statute provides what the record of conviction shall contain. It is true that the statute does specify what the record shall include, should the sentence be increased because of previous convictions, and that it also provides the defendant shall not be required to furnish evidence of previous convictions. However, the recent offenses mentioned by Mr. Goodwin were not claimed to have resulted in convictions. The provisions of the Habitual Criminal Act were invoked because of convictions based on earlier criminal offenses which *are* set forth in the record with particularity.

We believe that Mr. Goodwin's oral statements relating to other offenses cannot be said to have resulted in prejudice to the defendant. The trial judge expressly stated, in pronouncing sentence, that he would "not take into consideration the various offenses orally stated by the county attorney's office." His fairness in this regard is amply demonstrated by the concurrent sentences of eighteen years, in spite of the State's recommendation of twenty years, and despite the further fact that the defendant had previously been convicted of felony not only two, but three times.

The prior convictions, on which the court relied in sentencing defendant as an habitual criminal, occurred, respectively, in the district court of Sedgwick County, Kansas, in 1950; in the district court of the United States for the district of Oklahoma in 1952; and in the district court of Wilson County, Kansas, in 1956. While the record does not show that authenticated records of the prior convictions were introduced into evidence, it is clear that Mr. Goodwin read them into the record in defendant's presence, without objection.

It is our opinion that the defendant was properly subjected to the increased penalty. Not only did he admit having served five years on the Wilson county sentence, which alone would establish

that conviction (*State v. Ralph*, 194 Kan. 356, 399 P. 2d 548) but he did not object to or deny Goodwin's recitation of the other two convictions. Furthermore, at the allocution, after being told that the court would invoke the Habitual Criminal Act, the defendant replied "No Sir," when he was asked if he knew any reason why sentence should not be pronounced.

A substantially identical situation was presented in *Reffitt v. Edmondson*, 177 Kan. 83, 276 P. 2d 341. In that case, the county attorney had informed the court he was told by the defendant that he had been in the Colorado penitentiary on a felony charge. In disposing of the contention that the requirements of G. S. 1949, 21-107a (now K. S. A. 21-107a) had not been met, this court said:

". . . Petitioner argues the statement made by the county attorney to the trial court was not competent evidence under the provisions of the statute. This argument is not good in view of the fact that the statement was made in the presence of the defendant and not disputed by him." (p. 85.)

No prejudicial error having been shown, the judgment of the lower court is affirmed but remanded with directions that the journal entry be corrected by an order *nunc pro tunc*, pursuant to the views expressed in this opinion.