## ALLEN DAWSON v. THE STATE.

1. ALIBI. *Discredited as a defense. Erroneous instruction.*
   Where the defendant in an indictment relies upon the defense of an *alibi*, it is error for the court to discredit such defense by charging the jury that the evidence thereof "should be weighed with great caution, because it is a defense easily fabricated and often attempted by contrivance or perjury," even though the instruction declare that such defense when "established by the evidence is a good and complete legal defense."

2. SAME. *How regarded as a defense.*
   Such defense should be treated as any other, and not disparaged or prejudiced in the court's instructions to the jury.

        62 MISS.—16

3. CRIMINAL LAW. *Proof of defense. Instruction.*

    An instruction which requires a defendant on trial for a criminal offense to make out his defense "to the satisfaction of the jury" is erroneous. Whatever may be the character of the defense, it is sufficiently established if, upon consideration of all the evidence, there is a reasonable doubt of the guilt of the accused. *Ingram* v. *The State, ante,* 142, *cited.*

APPEAL from the Circuit Court of Yalobusha County.

HON. W. S. FEATHERSTON, Judge.

Allen Dawson, having been convicted of arson, appealed to this court and assigned for error, together with other assignments not noticed by this court, the action of the court below in giving the third instruction for the State. That instruction is set forth in the opinion of the court.

*Slack & Longstreet,* for the appellant.

Instruction No. 3 for the State is a charge upon the weight of evidence and is erroneous. *Thomas* v. *The State,* 61 Miss. 65; *Simmons* v. *The State,* Ib. 244; *Allen* v. *The State,* 63 Ind. 589. If the defense of an *alibi* is good when proved, it is extremely wrong to tell the jury that it is good when proved, but to handicap it with the qualification "that such testimony should be weighed and considered with *great caution,*" etc. The circuit court by this instruction virtually said to the jury, "An *alibi* is good, but we don't think one has been proved in this case, and you must bestow more care in determining this than any other fact. It requires *extra scrutiny from you.*" In *Simmons* v. *The State,* 61 Miss. 259, *speaking of the defense of an alibi,* the court say, "*This defense is like any other, and should be left to the jury uninfluenced by instruction calculated to excite prejudice against it or throw discredit upon it.*"

*We respectfully submit that this instruction is much calculated to raise a great distrust in the minds of the jury and to cast great suspicion upon the defense of the alibi.* We know of no rule of law which attaches a *suspicion* to evidence tending to prove an *alibi* any more than it does to evidence tending to prove any other fact. It was a criticism upon the particular evidence wrong in principle and naturally operating to its prejudice and hurt. The poison was

instilled by the criticism, and the antidote administered in the con-
clusion of the instruction was not sufficient to counteract its effects.

*J. L. Harris,* for the State.

The instruction complained of is an exact transcript of the one
given in *Nelms* v. *The State,* 58 Miss. 362, with the addition
which, in that case, the court said would make it a good charge.

It is different from the charge held bad in *Simmons* v. *The State,*
61 Miss. 243. There the defense was " to be viewed with *peculiar*
suspicion and distrust," because of " the ease with which it may be
fabricated and sustained by false testimony and the difficulty with
which such fraud and perjury are detected."

In the case at bar the jury are merely cautioned to consider the
defense with great care, because, etc., and no especial distinction is
made between it and any other defense.

ARNOLD, J., delivered the opinion of the court.

The third instruction given for the State and to which appellant
excepted is in these words : " The court instructs the jury that if
testimony has been offered to establish an *alibi,* or the absence of
the defendant at the time the crime is charged to have been com-
mitted, that such testimony should be weighed with great caution
in connection with all the evidence in the case, because it is a defense
easily fabricated and often attempted by contrivance or perjury ;
but when it is fully and satisfactorily established by the evidence
to the satisfaction of the jury, it is a good and complete legal
defense to the prosecution and entitles the defendant to an
acquittal."

There is error in this instruction, and we find nothing in
the other instructions to counteract or remove its dangerous
character and tendency, and we are compelled to reverse for this
reason.

In *Nelms* v. *The State,* 58 Miss. 362, an instruction to the jury
which discredited the defense of an *alibi* was condemned, but it was
intimated that the error would have been cured if the jury had also
been informed that when fully and satisfactorily proven, an *alibi*
was a perfectly good and legal defense. In *Simmons* v. *The State,*

61 Miss. 243, the intimation referred to in *Nelms* v. *The State* was repudiated, and it was declared that the defense of an *abili* was like any other defense, and should be left to the jury uninfluenced by charges from the court calculated to disparage or excite prejudice against it.    We adhere to the opinion in the latter case and to the qualification therein imposed on *Nelms* v. *The State.*

The instruction in the case before us also informed the jury that the defense of an *alibi* must be fully and satisfactorily established, to the satisfaction of the jury, before it was a good and complete defense.    Such is not the law of the land in which we live.    The defendant is not required, in any phase, of any criminal case, to prove his defense to the *satisfaction of the jury*, but it is sufficiently established if, upon consideration of the whole evidence, there is a reasonable doubt of his guilt. *Pollard* v. *The State,* 53 Miss. 410; *Cunningham* v. *The State,* 56 Miss. 269 ; *Hawthorne* v. *The State,* 58 Miss. 778 ; *Smith* v. *The State,* Ib. 867 ; *Ingram* v. *The State, ante,* 142.

*Reversed.*