(114 N. W. 834.)

---

THE STATE OF NORTH DAKOTA v. H. O. NELSON, J. T. SYFTESTAD
AND LOUIS RAMSVIG.

Opinion filed Jan. 18, 1908.

**Criminal Law — Instruction — Alibi — Burden of Proof.**

Defendants were convicted of the crime of grand larceny. In addition to a denial of guilt, the respondents furnished proof tending to

establish an alibi. The trial court gave the following instructions to the jury, with reference to such defense: "There has been some evidence introduced tending to prove an alibi. The court instructs you that an alibi properly proven is considered a good defense, but it must be of a strong, convincing character, and exclude any reasonable hypothesis except the nonpresence of the accused."

Such instruction was duly excepted to, and the giving of the same was urged, among other grounds, for a new trial.

*Held,* that the giving of said instruction constituted prejudicial error warranting the trial court in granting a new trial.

Appeal from District Court, Eddy county; *Burke, J.*

H. O. Nelson and others were convicted of larceny. From an order granting a new trial, the state appeals.

Affirmed.

*R. F. Rinker,* State's Attorney, (*C. J. Maddux,* of counsel), for the state.

*P. M. Mattson* and *S. E. Ellsworth,* for respondents.

FISK, J.   Respondents were convicted in the court below of the crime of grand larceny. The evidence on the part of the state consisted of the testimony of one Nelson, an accomplice, and certain other witnesses, whose testimony the prosecution claimed was sufficient in corroboration thereof to support such conviction. Respondents denied any connection with the crime, and introduced certain testimony tending to prove an alibi. Among other things, the court charged the jury as follows: "There has been some evidence introduced tending to prove an alibi. The court instructs you that an alibi properly proven is considered a good defense, but it must be of a strong convincing character, and exclude any reasonable hypothesis except the nonpresence of the accused." This instruction was duly excepted to, and the giving of the same was specified as error. In due time a statement of the case was settled embracing the evidence, objections, rulings and exception, and also specifications of numerous alleged errors relating to rulings upon the admissibility of testimony, and also to certain instructions given by the court to the jury. A motion for a new trial was in due time made and granted, and from the order granting the same the state appealed, and assigns error upon the granting of such motion.

If such order was properly granted, upon any ground urged in the motion for a new trial the same must be affirmed. Numerous grounds were urged; but it will be necessary to refer to but one, namely, the giving of the instruction aforesaid. That the giving of this constituted prejudicial error is, we think, too plain for serious debate. By the weight of authority and the better reason, and alibi is no longer considered an affirmative defense, to establish which the defendant has the burden of proof; but, if the proof thereof is, with the other evidence in the case, sufficient to engender in the minds of the jury a reasonable doubt as to the guilt of the accused, he is entitled to an acquittal. State v. Hazlett (N. D.) 113 N. W. 374; Peyton v. State, 54 Neb. 188, 74 N. W. 597; State v. Chee Gong, 16 Or. 534, 19 Pac. 607; Humphries v. State, 18 Tex. App. 302; State v. Child, 40 Kan. 482, 20 Pac. 275; State v. Howell, 100 Mo. 628, 14 N. W. 4; 1 Bish. New Crim. Pro. section 1066; 2 Am. & Eng. Enc. Law (2d Ed.) pp. 53, 57. By the above instruction the minds of the jury were specially directed to this defense; and they were, in effect, told to ignore the same, unless the evidence in its support was clear, strong, convincing and of a satisfactory character, or, in the language of the instruction, "of a strong, convincing character, and excludes any reasonable hypothesis except the non-presence of the accused." Proof of an alibi to such a degree of certainty amounts to proof of innocence, for proof that the accused was elsewhere when the crime was committed is proof that the accused did not commit the crome. The instruction, therefore, in effect, informed the jury that to the extent to which they relied on such defense, defendants had the burden of proof to establish their innocence. This, of course, was palpably erroneous, and highly prejudicial, and was not cured by the further instruction to the effect that the state had the burden of proving the guilt of the defendant. State v. Hazlett, supra.

We express no opinion as to the sufficiency of the other grounds urged for a new trial. We are entirely clear that the motion for a new trial was properly granted, and hence the order appealed from is affirmed. All concur.