# THE STATE OF NORTH DAKOTA, Respondent, v. BEN GATES, Appellant.

## (200 N. W. 778.)

**Criminal law — certain instructions to jury in considering alibi defense held prejudicial error.**

In a prosecution for bootlegging, where the trial court, in its instruction, directed the jury to exercise care and caution in considering the defense of an alibi and required this defense further, in effect, to cover the entire time stated in the information, upon a record which sought to show sales only upon two different dates, it is held, for reasons stated in the opinion, that such instruction constituted prejudicial error.

Opinion filed November 5, 1924.

Criminal Law, 16 C. J. § 2377 p. 978 n. 66; § 2379 p. 979 n. 75; § 2479 p. 1038 n. 79, 80; 17 C. J. § 3688 p. 340 n. 68.

In District Court, Ramsey County, *Burr*, J.

Prosecution for bootlegging.

Defendant has appealed from judgment of conviction.

Reversed and new trial granted.

*Cuthbert & Adamson*, for appellant.

*S. W. Thompson*, State's Attorney, for respondent.

BRONSON, Ch. J. This is a prosecution for bootlegging. Defendant has appealed from a judgment of conviction. The information charges that defendant, between March 8th, 1923 and April 2nd, 1923, sold and bartered to one Widmer and divers other persons, intoxicating liquor contrary to the statute. The so-termed bootlegging statute is chap. 194, Laws of 1915. The proof offered by the state is to the effect that on March 8th, 1923, in the evening, defendant sold and delivered to one Widmer one quart of whiskey for $15.00, then paid, in the Colonial Hotel in Devils Lake; that, likewise, on April 1st, 1923, in the evening, he sold and delivered one quart of whiskey to one Widmer and one Frier in said Colonial Hotel for $12.00 then paid by said Frier. Defendant did not testify. Through several witnesses he offered evidence to establish an alibi, namely, that he was elsewhere on

March 7th and 8th, 1923, and on April 1st, 1923. In the cross-examination of the witness, Widmer, it was brought out that he testified at the preliminary hearing that the sale to him was on March 7th. In this regard he stated that this was a mistake. No other evidence of any other sales, or of sales upon any other dates, was sought to be proved by the State.

The learned trial judge, in his instructions to the jury, charged, concerning an alibi, as follows:—

"In this case the defendant has sought to establish an alibi—that is —that at the time alleged and proved he was elsewhere and therefore could not have committed the crime charged. The burden of proof is upon the state to prove to your satisfaction beyond a reasonable doubt that the defendant committed the crime alleged at the Colonial Hotel between the dates mentioned and if the proposed alibi raises a reasonable doubt as to the defendant's guilt, then give the defendant the benefit of the doubt. But, in considering the evidence as to an alibi, I. charge you, this evidence should be received with caution and examined carefully for to show the defendant was elsewhere the alibi should cover all of the time during which the crime could have been committed. If the sales charged were in fact made, but at times other than covered by the alibi, yet within the dates set forth in the information, then the evidence going to show the defendant elsewhere would have no bearing in this case."

In this appeal defendant has made some 40 specifications of error covering principally rulings of the trial judge including his instructions.

Upon this appeal the defendant maintains that the instruction of the trial court concerning the alibi constituted prejudicial error for the reason that it discredited this defense and singled out the same so as to impose a burden upon defendant and, further, required defendant to establish an alibi for and during all the time covered in the information.

In view of our consideration and determination to be made of this instruction, it is unnecessary to discuss in detail or otherwise other assignments of error made by defendant.

We are of the opinion, upon this record, that the trial court erred in giving this instruction; that such error was prejudicial to defendant,

and requires reversal of the judgment and granting a new trial. Defendant specifically challenged this instruction by a requested instruction submitted to the Court.

The charge of the trial court requested the jury to receive with caution and to examine carefully this defense of an alibi. It required the defendant to establish such alibi so as to cover all the time during which the crime could have been committed within the dates set forth in the information. This charge so made upon the record involved two elements of possible prejudicial error. First, the singling out of the defense of an alibi as one requiring care and caution by the jury without likewise directing the exercise of care and caution as to other proof either by the state or by the defense: Second, the requirement that the alibi must cover dates from the 8th of March, 1923, to the 2d of April, 1923. Upon the record, the crime of bootlegging, if committed at all, occurred on the 8th day of March or the 1st day of April, 1923, or upon both such dates, with a possibility that the jury might find that the 7th day of March was the day on which the sale was made to Widmer and not the 8th day of March.

In the case of State v. Nelson, 17 N. D. 13, 114 N.W. 478, the court charged the jury:—

"There has been some evidence introduced tending to prove an alibi. The court instructs you that an alibi properly proven is considered a good defense, but it must be of a strong, convincing character and exclude any reasonable hypothesis except the non-presence of the accused." Concerning this instruction this court stated:

"That the giving of this constituted prejudicial error is, we think, too plain for serious debate. By the weight of authority and the better reason, an alibi is no longer considered an affirmative defense, to establish which the defendant has the burden of proof; but, if the proof thereof is, with the other evidence in the case, sufficient to engender in the minds of the jury a reasonable doubt as to the guilt of the accused, he is entitled to an acquittal. (Cases cited.) By the above instruction the minds of the jury were specially directed to this defense; and they were, in effect, told to ignore the same, unless the evidence in its support was clear, strong, convincing, and of a satisfactory character, or, in the language of the instruction, 'of a strong, convincing character, and excludes any reasonable hypothesis except the non-presence of the

accused.' Proof of an alibi to such degree of certainty amounts to proof of innocence, for proof that the defendant was elsewhere when the crime was committed is proof that the defendant did not commit the crime. The instruction then, in effect, informed the jury that to the extent to which they relied upon such defense, defendants had the burden of proof to establish their innocence. This, of course, was palpably erroneous and highly prejudicial and was not cured by the further instruction to the effect that the state had the burden of proving the guilt of the defendants."

Without expressing an opinion as to the prejudicial character of the charge of the judge so far as it served to direct the exercise of care and caution by the jury in considering the defense of an alibi, nevertheless, we are satisfied that upon the record the instruction was prejudicially erroneous for the reason that it both singled out this defense from other proof and evidence for the exercise of care and caution in its consideration and required proof in its coverage for the entire time covered by the dates in the information, whereas, the state's proof confined itself distinctly to and concerning two specific dates. This imposed an improper burden upon the defendant. See Henry v. State, 51 Neb. 149, 66 Am. St. Rep. 450, 70 N. W. 924; State v. Smalls, 98 S. C. 297, 82 S. E. 421; Dawson v. State, 62 Miss. 241; 16 C. J. 979.

The judgment is reversed and a new trial granted.

BIRDZELL, NUESSLE, JOHNSON, and CHRISTIANSON, JJ., concur.