2017 ND 70

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jessica Lynn BELGARDE, Defendant and Appellant**

No. 20160364

Supreme Court of North Dakota.

Filed 03/30/2017

Caitlyn A. Pierson, Assistant State's Attorney, Ward County State's Attorney's Office, 315 Third Street SE, P.O. Box 5005, Minot, N.D. 58702–5005, for plaintiff and appellee.

Charles A. Stock, 407 North Broadway, P.O. Box 605, Crookston, Minn. 56716–0605, for defendant and appellant.

Tufte, Justice.

[¶ 1] Jessica Belgarde appeals from a criminal judgment entered after a jury found her guilty of shoplifting. Belgarde notified the State of her intent to present her minor child as an alibi witness two weeks before trial and 112 days after the deadline set by the district court in its pretrial scheduling order. The issue on appeal is whether a district court abuses its discretion by excluding alibi testimony under N.D.R.Crim.P. 12.1 without first finding prejudice to the State. We affirm, concluding the district court did not abuse its discretion.

I

[¶ 2] The State charged Belgarde with theft of property for shoplifting items worth more than $500 from the Minot Sears store. Belgarde's defense theory

throughout her criminal case asserted that only her cousin entered the store. Belgarde claimed she remained in a car outside the store with her son during the alleged shoplifting.

[¶ 3] The events at issue occurred on February 26. On May 2, Belgarde had an initial appearance on the charge. That same day, the district court approved her application for indigent defense services and set a motions deadline of June 13. The trial was later set for October 17. On October 3, Belgarde submitted to the State a witness list that included her son. She also submitted an alibi notice stating her son would testify that Belgarde was in the parking lot with him. The State objected, arguing it was prejudiced in that it could not adequately investigate the alibi and prepare a trial strategy within the two weeks before trial. The district court excluded the alibi testimony, reasoning that Belgarde knew about this witness and the defense from the first day of the case and had offered no justification for the alibi notice being late. The district court did not make any findings regarding prejudice to the State.

## II

[¶ 4] "Alibi" literally means "elsewhere." The term refers to a defense that the accused was not in the location in which the offense occurred and thus could not have committed it. State v. Glass, 29 N.D. 620, 641, 151 N.W. 229, 234–35 (1915). We review a district court's decision to exclude alibi evidence under Rule 12.1(e) under the abuse of discretion standard. State v. Sevigny, 2006 ND 211, ¶ 12, 722 N.W.2d 515. "A court abuses its discretion if it acts unreasonably, arbitrarily, or capriciously, or if it misinterprets or misapplies the law." Id.

[¶ 5] A defendant "must serve written notice" of any alibi defense before the pretrial motions deadline or afterward if directed by the court. N.D.R.Crim.P. 12.1(a). If the defendant fails to serve the State with timely notice, "the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." N.D.R.Crim.P. 12.1(e).

[¶ 6] This rule was designed to prevent surprise. State v. Flohr, 301 N.W.2d 367, 371–72 (N.D. 1980). Without this rule, defendants could raise alibi defenses during the middle of a trial and deprive the prosecution of its ability to conduct pretrial investigations. Id. When an alibi defense has been raised for the first time at trial, we have encouraged district courts to consider actual prejudice to the prosecution in addition to any good cause possibly explaining an untimely alibi claim. Id.; Sevigny, 2006 ND 211, ¶¶ 8, 15, 722 N.W.2d 515; State v. Kalmio, 2014 ND 101, ¶ 41, 846 N.W.2d 752. Where an alibi defense is raised late but before trial, as it was here, the district court should still consider possible prejudice against the prosecution. The starting point for whether a late alibi notice should be excused under Rule 12.1(d), however, is some showing of good cause by the defendant to justify an exception.

[¶ 7] Here the proposed testimony of Belgarde's son constituted alibi testimony because it asserted that Belgarde had remained in the car while the alleged offense was committed in the store. Belgarde's alibi notice was served 14 days before trial. The State objected, citing inadequate time to prepare to meet the defense. The district court found that Belgarde presented no good cause to excuse the untimeliness of her alibi notice. Belgarde's notice included nothing that might support good cause for delay. After the State objected to the late alibi notice, Belgarde responded to the objection solely on the basis of lack of prejudice to the State.

She again offered no justification for her late notice.

[¶ 8] On this record, we cannot say the district court acted unreasonably, arbitrarily, or capriciously. Belgarde filed her alibi notice 112 days late. The district court emphasized that the alibi witness was the defendant's own child, who was sitting with her in a parked car at the time of the alleged thefts. The identity of the witness would have been known to Belgarde since the day she was charged.

[¶ 9] Belgarde filed numerous motions with the district court in the days before trial. The prosecution also sought to add two additional witnesses just before trial. The district court expressed dissatisfaction with this "tsunami of last minute motions" that "threaten[ed] to wash away" its authority and denied all requests from both parties. Although N.D.R.Crim.P. 12.1(e) would permit the district court to allow Belgarde's alibi testimony where, as here, there is little apparent prejudice to the State, the flood of last-minute motions coupled with Belgarde's complete lack of justification adequately supports the district court's decision here. The district court did not abuse its discretion.

### III

[¶ 10] We affirm the judgment, concluding the district court did not abuse its discretion in excluding Belgarde's alibi testimony.

[¶ 11] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.